## No. 17,635.

Jacquelyn E. Meier *v.* People of the State of Colorado.

(296 P. [2d] 232)

Decided March 26, 1956.

Mr. Rupert M. Ryan, Mr. Philip Hornbein, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Norman H. Comstock, Assistant, for the People.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

An information was filed in the district court of

Boulder county, in the first count of which it was charged that plaintiff in error, to whom we will hereinafter refer as defendant, by driving an automobile in a reckless, negligent and careless manner while under the influence of intoxicating liquor, unlawfully and feloniously caused the death of one Henry Sinclair. In the second count defendant was accused of the crime of involuntary manslaughter.

Defendant upon arraignment was represented by counsel and entered a plea of not guilty to each count, and the cause was thereupon set for trial. When the trial date arrived defendant, again represented by counsel, asked leave to withdraw the pleas of not guilty theretofore entered and was permitted to enter a plea of nolo contendere to the charge of manslaughter. The district attorney asked leave to withdraw the first count of the information. The record discloses with particularity all that was said and done when the original plea of not guilty was withdrawn, and we quote therefrom in this connection as follows:

"MR. HORNBEIN: If it please Your Honor, at this time with leave of court we ask permission to withdraw the plea of not guilty to the Second Count of the Indictment, namely, the charge of Involuntary Manslaughter and ask permission to enter instead of plea of nolo contendere.

"MR DOLAN: If it please the court, the People wish to withdraw the First Count, which is Killing while Under the Influence of Intoxicating Liquor and let the Second Count stand.

"THE COURT: Let's see if I understand this correctly. You, the defendant, want permission to withdraw the plea of not guilty to the Second Count of Involuntary Manslaughter and enter a plea of nolo contendere? "MR. HORNBEIN: Yes sir. "THE COURT: And securing permission then to dismiss the First Count? "MR. DOLAN: Yes, Your Honor. "THE COURT: All right then, that will be the order. Perhaps we had better have

a re-arraignment on the Second Count so that we can have an understanding here of what it is.

(Whereupon, the defendant was duly arraigned.)

"THE COURT: Now, Jacquelyn Meier, so that there won't be any misunderstanding here, you understand that by a plea of nolo contendere for the purposes of this case it is the same as a plea of guilty and could subject you to as much as a year in jail the same as if you had entered a plea of guilty? "DEFENDANT: Yes. "THE COURT: That has been explained to you by your attorney? "DEFENDANT: Yes. "THE COURT: And so for the purposes of this case today, it is equivalent of a plea of guilty? "DEFENDANT: Yes. "THE COURT: And you Mr. Hornbein— "MR. HORNBEIN: I have explained to the defendant Your Honor, that a plea of nolo contendere, by so entering it, the defendant does not admit her guilt, but nevertheless, she states that she does not contest with the People of the State of Colorado on the issue. "THE COURT: And that the court does have the power —"MR. HORNBEIN: That is understood. "THE COURT: — to sentence the same as if it were a plea of guilty? "MR. HORNBEIN: That is understood Your Honor. "THE COURT: Very well, the plea of nolo contendere will be received."

Following acceptance of the plea of nolo contendere the court took evidence concerning the circumstances under which Henry Sinclair was killed. Suffice it to say the evidence disclosed that on October 31, 1954, about 1:00 o'clock A.M., defendant was driving an automobile west on state highway 7 going in the direction of the city of Boulder; that two passengers were riding with her in the car; that she ran into the rear of a "wrecker" truck which was travelling at 35 miles per hour in the same direction on the highway; that the car she was driving was demolished; that the passenger Sinclair was killed; and that defendant and the other passenger were injured. Defendant testified that she drank a beer early in the evening and between 10:00 P.M. and midnight had "two

whiskey sours," but that they had no effect on her. She said that she was driving "very cautiously"; that she was going between 55 and 60 miles per hour; that she drove across a bridge; that "the rest of it is rather vague except it seems that there was a vehicle in front of me suddenly and I swerved. That is all I remember except the impact." She had no driver's license. A courtesy patrolman testified that at the hospital she told him that she was doing seventy miles per hour.

At the conclusion of the testimony it became apparent that the trial court was not inclined to grant probation. The court at first remanded defendant to the custody of the sheriff pending the filing of a formal application for probation and hearing thereon. Defendant thereupon asked leave to withdraw her plea of nolo contendere and to again enter a plea of not guilty. The court denied this request and then permitted her to remain on bond until the petition for probation was filed. After hearing thereon said petition was denied, and the court entered judgment and sentenced defendant to serve two months in the county jail. Upon her motion to withdraw her plea of nolo contendere defendant at first testified that the district attorney had given her his "assurance of getting probation," and that in entering the nolo contendere plea she relied on that assurance. However, on cross-examination she changed the testimony substantially and admitted that the district attorney only said that he thought the possibilities of getting probation were good.

Counsel for defendant include seven points in their assignments of error. It is unnecessary to consider more than two questions, the determination of which disposes of all assignments.

Questions to be Determined.

First: *Did the trial court abuse its discretion in refusing defendant permission to withdraw her plea of nolo contendere and to enter a not guilty plea a second time?*

This question is answered in the negative. The trial

court was very careful to make sure that defendant understood the legal effect of entering a plea of nolo contendere. She and her counsel fully understood that the court might see fit to deny probation and impose a penalty. There is a vast difference between the facts of the instant case and those presented in the case of *Champion v. People,* 124 Colo. 253, 236 P. (2d) 127. In the latter case we held that the trial court erred in refusing to permit defendant to withdraw a plea of guilty. In that case the accused had no attorney and the record was conclusive that his guilty plea was entered on the advice of the district attorney who testified that, "The only thing I tried to do was help him as any human being would. I did my duty as I saw it. * * * I advised him only as far as I saw fit to help."

The facts disclosed by the record in the instant case are not such as to indicate an abuse of discretion on the part of the trial court. *Gearhart v. People,* 113 Colo. 9, 154 P. (2d) 47. There is nothing in the opinion of this Court in *Young v. People,* 53 Colo. 251, 125 Pac. 117, which is out of harmony with the procedure followed by the trial court. In that opinion it is expressly stated that a plea of nolo contendere "is a plea of guilty upon which sentence may be imposed."

Second: *Did the trial court abuse its discretion in denying the petition for probation, and in ordering the clerk of the trial court to delete from the Record on Error the report of the probation officer?*

This question is answered in the negative. Whether probation shall be granted in a criminal case is a matter that rests exclusively within the discretion of the trial court. This court will not order probation in any case in which it has been denied by the trial court. The order of a trial court granting or denying probation is no part of the judgment to which a writ of error may be directed. It follows that the report of the probation officer has no place in the record on error.

The judgment is affirmed.