No. 25005.
No. 25153.

THE PEOPLE OF THE STATE OF COLORADO *v.*
JAMES RICHARD RANDOLPH.
(488 P.2d 203)

Decided September 7, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, RICHARD G. McMANUS, JR., Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, T. MICHAEL DUTTON, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

JAMES RICHARD RANDOLPH, appearing *pro se* in the trial court, filed a motion pursuant to Crim. P. 35(b), seeking to vacate the judgment and sentence imposed in the Jefferson County District Court. His motion was denied, and he has now appealed to this Court.

The Attorney general has confessed error. Since the Attorney General has confessed error, it is not necessary to review the facts in depth. Suffice it to say that James

Richard Randolph stood before the court charged with murder in the first degree. He was represented by counsel at that time and entered pleas of not guilty and not guilty by reason of insanity. He had a long history of mental illness. The record also discloses that he had attempted suicide and that his conduct in the Jefferson County Jail was such that he was eventually placed in solitary confinement. He was under threats from the victim's family that caused him to be under heavy guard at the time he was brought to court for arraignment.

His primary contention is that his plea of guilty was not voluntary and that the providency hearing required under Colo. R. Crim. P. 11 will not withstand attack when measured by the United States Constitution and the Colorado Constitution. The record before us does not establish that the appellant voluntarily and understandingly entered a plea of guilty. Colo. R. Crim. P. 11 (a) (1). All that the record reflects is that the defendant waived a jury trial and knew that he could be sentenced to the penitentiary for a period of not less than ten years or to life imprisonment. Nothing, apart from he baldest conclusions, establishes that the defendant knew or understood the nature and elements of the charge or acknowledged that he committed the offense of second-degree murder. No factual basis appears in the record to support the plea. Moreover, the trial court was aware of the defendant's mental infirmities and should have made inquiries to show that the defendant voluntarily and knowingly entered a plea of guilty.

The failure of the trial court to comply with the mandatory requirements of Rule 11 is particularly significant when we take into account the fact that the defendant was suffering from some mental infirmity and had previously sought to have the court intervene to protect him from the sheriff and jail personnel. A trial court has an onerous burden to meet in determining that an accused understands the nature and all elements of the charge and that the plea of guilty is voluntarily

entered. The Attorney General has conceded that the mandatory requirements of Colo. R. Crim. P. 11(a)(1) were not met. The posture of the appeal is such that we have no alternative but to reverse the trial court.

█ The defendant plead guilty to the reduced charge of second-degree murder in 1964. At that time, Rule 11(a) provided, in pertinent part, as follows:

"(a) ... The court shall not accept the plea of guilty without first:

"(1) determining that the plea is made voluntarily with understanding of the nature of the charge, *and*

"(2) explaining fully to the defendant his right to trial by jury, his right to counsel and the possible penalty provided by statute for the offense charged." [Emphasis added.]

Although the record indicates that the trial court fully complied with the requirements of subsection (2), there is nothing in the record to indicate that the defendant entered his plea of guilty voluntarily or that he understood the nature of second-degree murder. Without an affirmative showing of compliance with the mandatory provisions of Colo. R. Crim. P. 11, a plea of guilty cannot be accepted, and any judgment and sentence which is entered following the plea is void. *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970); *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 (1963).

█ It is clear that an affirmative showing must be made to establish that a guilty plea was voluntarily and intelligently entered if it is to stand muster under the due process clause of the Fourteenth Amendment to the United States Constitution. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See also North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L Ed.2d 162 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), defining the limitations on the

acceptance of a plea of guilty and construing Fed. R. Crim. P. 11. Due process requirements come to the forefront because a plea of guilty stands as a waiver of nearly all of the rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution. *See, e.g., Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) [right to trial by jury]; *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) [right to confront one's accusers]; *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) [privilege against self-incrimination]. For this waiver to be valid, the defendant must intentionally relinquish his known rights. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The *American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty* have codified our existing law. Those which we deem applicable and which we approve in the instant case are the following:

"1.4 Defendant to be advised by court.

"The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

"(a) determining that he understands the nature of the charge;

"(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

"(c) informing him:

"(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

"(ii) of the mandatory minimum sentence, if any, on the charge; and

"(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.

"1.5 Determining voluntariness of plea.

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.

"1.6 Determining accuracy of plea.

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea.

"1.7 Recording of proceedings.

"A verbatim record of the proceedings at which the defendant enters a plea of guilty or nolo contendere should be made and preserved. The record should include (i) the court's advice to the defendant (as required in section 1.4), (ii) the inquiry into the voluntariness of the plea (as required in section 1.5), and (iii) the inquiry into the accuracy of the plea (as required in section 1.6)."

The judgment is reversed and the cause remanded for further proceedings with directions that the judgment of conviction and sentence be vacated and that the defendant be permitted to withdraw his plea of guilty.

Mr. Justice Day and Mr. Justice Hodges not participating.