### No. 25221

**The People of the State of Colorado v. Angelo D. Canino**
(508 P.2d 1273)

Decided April 9, 1973.                    Rehearing denied April 30, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Brenman, Sobol & Baum, Melvin Rossman, Leo Zuckerman, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Angelo D. Canino, was charged in an information with two counts of theft. 1969 Perm. Supp., C.R.S. 1963, 40-5-2. He was given a copy of the information and plead not guilty to the theft charges. He also plead not guilty to a series of other charges which were also pending against him. Thereafter, he directed his counsel to enter into plea negotiations with the district attorney. Following protracted negotiations, a plea agreement was obtained, and the defendant, through his counsel, sought leave of court to withdraw his pleas of not guilty and to enter pleas of nolo contendere to both the theft counts in the information. Before accepting the change of plea, the trial judge fully advised the defendant of his rights, in accordance with the requirements of Crim. P. 11(c). When the defendant's plea was changed, the court was advised of the plea negotiations and of the fact that all other charges against the defendant would be dismissed upon the tender and acceptance of the nolo contendere pleas.

210

In the course of the providency hearing, the court granted the defendant leave to apply for probation, and a probation report was ordered. Defense counsel then stipulated that the probation report could be used by the court in lieu of evidence in aggravation or mitigation of the offense.

Thereafter, the probation office obtained a detailed factual report of the incidents which brought about the theft charges. Upon learning that the recommendation of the probation department was for confinement, defense counsel sought leave to withdraw the plea of nolo contendere and to reinstate the plea of not guilty. The district attorney fully complied with his plea agreement, and the only complaint made is that the defendant was sentenced to confinement in the state penitentiary. *See Dukes v. Warden*, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972). The defendant was fully warned of the alternatives that were available to the court at the time he changed his plea.

Defense counsel urges us to hold that a jail sentence should not be imposed when a nolo contendere plea is ·accepted by the court. We decline to depart from established precedent. There is no difference between a plea of nolo contendere and a plea of guilty for sentencing purposes.

In *Meier v. People*, 133 Colo. 338, 296 P.2d 232 (1956), we held that a trial court did not abuse its discretion in refusing to grant the defendant permission to withdraw his plea of nolo contendere and to reinstate a plea of not guilty. In the *Meier* case, the defendant thought she would get probation and predicated her request for a change of plea on the fact that she was sentenced to a jail term. The facts in this case are all but identical to those in the *Meier* case and fully support the action of the trial judge in refusing to allow the defendant to change his plea a second time. *See also, United States v. Arredondo*, 447 F.2d 976 (5th Cir. 1971), *cert. denied*, 404 U.S. 1026 (1972); *United States v. Fragoso-Gastellum*, 456 F.2d 1287 (9th Cir. 1972).

Finally, the defendant attacks the Crim. P. 11 providency hearing by claiming that his assertion of innocence at the time his plea of nolo contendere was

entered forces the court to permit him to withdraw his plea of nolo contendere. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), disposes of the defendant's contention. In *North Carolina v. Alford, supra,* the Supreme Court of the United States upheld a plea of second-degree murder, even though the defendant protested his innocence when he entered a plea of guilty. In the *Alford* decision, the Court recognized that the defendant was represented by counsel and that he fully considered the facts, weighed the consequences, and then consciously and voluntarily entered a guilty plea. The facts in this case parallel the *Alford* case and support the action of the trial judge.

As a further attack upon the providency hearing, the defendant contends that he was not aware of the elements of the offense. He contends that the failure of the trial judge to spread upon the record each and every element of the offense of theft vitiates his nolo contendere plea. He asserts that the law requires that a plea be set aside if the record fails to show that a plea of guilty or nolo contendere is voluntarily and understandingly made. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972). We have recognized the need for a full providency hearing and have specified the formalities which the court must follow. *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971). Our concern, however, has always been with reality and not ritual. *See McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). What the constitution requires is that the defendant be aware of the elements of the offense and that he voluntarily and understandingly acknowledge his guilt. A formalistic recitation by the trial judge at a providency hearing is not a constitutional requisite.

In this case, the record reflects that the district attorney and defense counsel told the court that the defendant had been advised of the elements of the theft

212

charge, and the court thereafter made a full inquiry, in accordance with Crim. P. 11. In addition, the defendant told the court that the charges were fully explained to him by his counsel. To us, it would be the height of sophistry, under the circumstances of this case, to vacate the defendant's plea because of the court's failure to set forth in the record the elements of the crime of theft. *See Schuler v. State,* 476 S.W.2d 596 (Mo. 1972).

It is also significant that the amendment to Fed. R. Crim. P. 11, which became effective July 1, 1966, dispensed with the requirement that the court ascertain that there is a factual basis for a plea of nolo contendere when such a plea is permitted. The Advisory Committee on Criminal Rules stated that the factual basis may be determined by "inquiry of the defendant or the attorney for the government or by examining the presentence report or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment." 1 *C. Wright, Federal Practice and Procedure* § 177 at 390 (1969); 2 *L. Orfield, Criminal Procedure Under the Federal Rules* § 11:73 at 147 (1966).

■ The probation report which is a part of the record provides us with a comprehensive statement by the defendant of the acts which led to the charge. A factual basis for the plea of nolo contendere is found in the probation report which the court had before it at the time sentence was imposed. The probation report outlines in detail the facts behind the charge, and the reliance by the court on the probation report did not abuse the defendant's rights. *See X. v. United States,* 454 F.2d 255 (2d Cir. 1971) [pre-*McCarthy* plea]; *State v. Dusch,* 17 Ariz. App. 286, 497 P.2d 402 (1972).

■ A plea that is voluntarily and understandingly made, with a factual basis that appears in the record, should be upheld. *Morgan v. State,* Me., 287 A.2d 592 (1972).

Accordingly, we affirm.