## No. 25265

### The People of the State of Colorado v. Jimmie E. Crater
(512 P.2d 623)

Decided July 16, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from the denial of a Crim. P. 35(b) motion to set aside a plea of guilty and to vacate sentence in a second-degree murder conviction. We affirm the court's ruling. We will refer to appellant Crater either as defendant or Crater.

Defendant was charged in Adams County district court with murder in the first degree and conspiracy to commit murder. Also charged as a codefendant was Claudia Crater, whose marital status with defendant was somewhat in doubt. The Public Defender was appointed to represent both defendants, and pleas of not guilty to all charges were entered. Subsequently, the Public Defender filed a motion to withdraw as counsel for at least one of the defendants because of a possible conflict of interest. The motion was granted and private counsel was appointed for Claudia Crater, and the Public Defender continued to represent Crater. A scheduled pretrial conference was cancelled, and defendant informed the court of his intention to enter a plea of guilty to the charge of second-degree murder. The plea was consented to by the district attorney and accepted by the court on January 4, 1967.

I.

In his motion to vacate the plea and set aside the sentence, defendant's first contention was that his guilty plea was involuntarily made without full knowledge of the elements of second-degree murder as required by Crim. P. 11(a). The People, in turn, admit that were this case controlled by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), this contention might have some merit. But this plea was accepted more than two years

before the *Boykin* decision, and *Boykin* has been given only prospective application by this court. *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970).

As we indicated in *Ward,* satisfaction of Crim. P. 11(a) at the time the plea was accepted did not require that a "prescribed ritual or wording be employed," but rather the substance of the circumstances surrounding the plea should prevail over form. Viewing the circumstances of this plea in light of their substance, we hold that Rule 11 was fully complied with in this case. Nor do the decisions of this court since *Ward* mandate a different result. *People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972); *People v. Harrington,* 179 Colo. 312, 500 P.2d 360 (1972); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971).

Crater contends, however, that if we should hold that there was compliance with Rule 11, nevertheless, his plea was the product of subtle coercion generated by the representation that Claudia Crater would testify against him. She is alleged to have stated that she saw the defendant remove wallet and money from the victim after bludgeoning him with a pipe. Usually a wife cannot testify against her husband, but it developed that Mrs. Crater had entered into a common-law marriage with another prior to her ceremonial marriage to Crater, and that the common-law marriage had never been terminated. This uncertain status of Claudia is alleged by the defendant to have forced him to plead guilty.

At the hearing on the Rule 35(b) motion, the contrary was established. Mrs. Crater visited him numerous times while he was awaiting trial. Defendant's counsel testified that on the basis of the investigation of the Public Defender's office and consultation with the defendant, it was mutually agreed by counsel and Crater that a verdict of first-degree murder was a distinct possibility. Evidence apart from the potentially damaging testimony of Claudia was available to show the victim was found with his pockets turned inside out and his

wallet missing. Defendant had disposed of the body and had fled to California. Counsel for Crater advised him that the elements of robbery would warrant submission to the jury of first-degree murder verdict and a mandatory life sentence under the felony-murder doctrine. Counsel further testifed that the elements of felony murder and the lesser consequences of second-degree murder were fully explained to the defendant, and that he fully agreed the evidence was sufficiently damaging to warrant a plea to the lesser degree.

## II.

Defendant next contends that the court below failed to make findings of fact and conclusions of law as required by Crim. P. 35(b) and that this constitutes reversible error.

Crim. P. 35(b) requires that "[i]n all cases, the court shall determine the issues and make findings of fact and conclusions of law with respect thereto." Such findings and conclusions must sufficiently set forth the basis of the ruling. *Cf. Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971). It is patently obvious from the page-long comments, analysis and conclusions by the trial judge that the requirement was met in this case. What the trial judge did in this case is totally different from situations wherein the judge merely stated "the motion denied," *Sackett v. People,* 176 Colo. 18, 488 P.2d 885 (1971); or "the objection overruled," *Espinoza v. People,* 178 Colo. 391, 497 P.2d 994 (1972).

## III.

Defendant's third argument is that he was denied the effective assistance of counsel. In support of that argument, he asserts that his right to counsel was rendered ineffective by reason of his attorney's misunderstanding of the implications of his wife's statements to the district attorney, and the failure of counsel to consult him on matters pertaining to preparing a defense to the charges. As the court below correctly found, the evidence is clearly contrary to the defendant's assertions. There is no evidence to support the assertion that counsel did not keep defendant informed or that anything but full consideration was given to his case. The Public Defender's office carried out a complete investiga-

tion, and representatives of that office consulted with the defendant at least eight times before he entered his plea.

Ruling is affirmed.