No. 25875

**The People of the State of Colorado v.
John Arthur Edwards**
(526 P.2d 144)

Decided September 9, 1974.

130

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant-Appellant, John Arthur Edwards, was charged with aggravated robbery, assault with a deadly weapon and assault to murder. He entered a plea of guilty to the charge of aggravated robbery, and the remaining charges were dismissed. Edwards was then sentenced to the Colorado State Penitentiary for a term of not less than thirty nor more than fifty years. Some five years later he moved to vacate the sentence under Crim. P. 35(b), challenging the validity of his guilty plea. He asserted that the trial court failed to comply with the provisions of Crim. P. 11 in that he was never asked if he had an understanding of the nature of the charge of aggravated robbery.

The trial court refused to vacate the plea, and Edwards now appeals that judgment. We affirm the trial court.

The evidence indicates that at the providency hearing the defendant was represented by counsel and answered the questions asked by the trial judge which explored the voluntariness of the guilty plea. Further, the trial judge stated ". . . so there won't be any misunderstanding . . ." and then read the information to the defendant. The information included a clear description of the elements of aggravated robbery, couched in language easily understandable to a person of average intelligence. We point out here that the

defendant does not allege that he did not *understand* the elements of aggravated robbery, but only that the judge never *asked him* if he understood the elements of the crime.

 The guilty plea in this case was entered two years before *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Boykin* is not applied retroactively. *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970). As we have previously indicated, satisfaction of Crim. P. 11 does not require that a "prescribed ritual or wording be employed," *Ward, supra,* "but rather the substance of the circumstances surrounding the plea should prevail over form." *People v. Crater,* 182 Colo. 248, 512 P.2d 623 (1973).

 In reviewing the validity of this guilty plea, the Court is concerned with whether the plea was voluntarily made with an understanding of the elements of the offense. We do not believe that a guilty plea should be vacated on the grounds alleged by the defendant when, as in this case, we find nowhere in the record an allegation on the part of the defendant that he in fact did not understand the elements of the charge. At all relevant times Edwards was represented by able counsel and neither in his motion to vacate the guilty plea, nor in the Crim. P. 35(b) hearing thereon, was there any indication that he did not understand the elements of aggravated robbery.

The substance of the circumstances surrounding the plea indicates that it was voluntarily made with an understanding of the elements of the charge.

Accordingly, we affirm.