## No. 26206

## The People of the State of Colorado v. James Earl Murdock, a/k/a James Earl Murdok

(532 P.2d 43)

Decided February 18, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Daniel B. Mohler, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Murdock pled guilty to first-degree murder and was sentenced to life imprisonment. Thereafter, he filed a motion under Crim. P. 35(b) alleging that the court failed to comply with Crim. P. 11, and that "his plea of guilty was involuntary in that he did not knowingly, understandingly and intelligently enter his plea of guilty." His motion further asserted that he was, in fact, not guilty of first-degree murder and had a meritorious defense to the charge. The court after hearing denied the defendant's 35(b) motion. On this appeal, the defendant urges reversal. Our review of the record convinces us that the trial court erred in denying the defendant's 35(b) motion. We therefore reverse the judgment of the court and order that this defendant be rearraigned.

It is axiomatic that no plea of guilty is valid unless the defendant understands the nature and the elements of the charge. *People v. Musser,* 187 Colo. 198, 529 P.2d 626; *People v. Keenan,* 185 Colo. 317, 524 P.2d 604 (1974); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971). Nothing in this record establishes that the defendant knew the elements of first-degree murder. The record here also does not reflect any factual basis which is necessary to support a plea of guilty.

Crim. P. 11, as it was worded at the time the defendant pled guilty, clearly required the court to determine that the defendant understood the nature of the charge against him, prior to entry of the plea of guilty. In this regard, it is to be noted that when the

court denied the defendant's 35(b) motion, it conceded that in taking the guilty plea, the court had not advised the defendant of the nature and elements of the crime to which he was pleading guilty. The court, nevertheless, denied the defendant's 35(b) motion because of the court's view that when he pled guilty, the defendant had an "overall understanding" of the nature of the crime because of his presence at prior court procedures in this matter including a sanity trial at which the defendant was found to be sane.

At the defendant's arraignment, he was never questioned by the court regarding the elements of the offense of first-degree murder, nor was any explanation made to him of the nature and the elements of this crime. At the 35(b) motion hearing, the defendant's original trial counsel testified that he did not remember advising the defendant of the elements of first-degree murder.

■ Several of the statements which the defendant made to the court at the arraignment are of vital significance. When the court asked the defendant regarding his reason for entering a plea of guilty, the defendant was not directly responsive but did state that he was under the influence of drugs at the time of the homicide; that he didn't know what he was doing; and that he had lost his senses. Furthermore, in the defendant's response, he did not state that he fired the fatal shots but only that he "heard four shots."

This case involves felony murder but at no place in the record is it indicated that an explanation of felony murder was given to this defendant, nor did the defendant in any of his responses indicate that he understood the nature of felony murder.

It is our view that because of the responses of this defendant at the time of his arraignment, the court should have taken extraordinary precautions to assure itself beyond question that this defendant was fully informed regarding the elements of the crime to which he was pleading guilty; that there was a factual basis for the plea; and that the defendant was acting voluntarily with a full understanding of the elements of the crime and the consequences of his plea. *People v. Randolf*, 175 Colo. 454, 488 P.2d 203 (1971).

On remand, see *People v. Colosacco, supra* and *People v.*

*Mason, supra,* regarding reinstatement of charges dropped as a result of a plea bargain.

The judgment of the trial court denying defendant's 35(b) motion is reversed and this cause is remanded with directions to vacate the defendant's plea of guilty and to order rearraignment.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, and MR. JUSTICE ERICKSON concur.