## No. 26293

**The People of the State of Colorado v. Richard A. Sandoval**
(535 P.2d 1120)

Decided May 27, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Roy R. Martinez, Armando C de Baca, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

The defendant Sandoval was charged with aggravated robbery and conspiracy. On arraignment, he pled not guilty to both charges. On the day the case was scheduled for trial, the district attorney moved to add a third count of simple robbery. To this count, the defendant pled guilty. Thereupon, charges of aggravated robbery and conspiracy were dismissed by the court on motion of the district attorney.

The defendant later filed a motion for withdrawal of the guilty

plea and requested that his pleas of not guilty to the initial charges be reinstated. The motion alleged, among other things, that the defendant was not guilty of the crimes charged; that he had a meritorious defense; and that prior to the scheduled trial date, notice of the defense of alibi was filed with the court and served upon the district attorney. The motion further alleged that on the day of the plea of guilty, the defendant because of illness was in a weakened and confused state and did not fully comprehend the full import of his plea of guilty. All the allegations in the defendant's motion for the withdrawal of the guilty plea point to the proposition that the trial court before accepting the plea of guilty did not fully comply with the requirements of Crim. P. 11. The motion, however, did not directly allege a failure to comply with this rule.

Because the defendant at all times involved herein was represented by counsel who, according to the record, arranged a plea bargain, we have examined with utmost care the transcript of the trial court's proceedings at the time the plea of guilty was entered. This examination reflects that the trial court did not adhere to the requirements of Rule 11.

We have in a long line of cases reiterated the necessity for trial courts to adhere strictly to the requirements of Crim. P. 11 when pleas of guilty are being considered. Failure of the trial court to comply with each requirement of Crim. P. 11 affords defendants the opportunity to later challenge the trial court's refusal to permit a withdrawal of a guilty plea. *See People v. Murdock,* 187 Colo. 418, 532 P.2d 43 (1975); *People v. Musser,* 187 Colo. 198, 529 P.2d 626 (1974); *People v. Keenan,* 185 Colo. 317, 524 P.2d 604 (1974); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); and *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971).

It is our view under the record of this case that the interest of justice required the trial court to grant the defendant's motion for the withdrawal of his guilty plea. Because this defendant previously filed a notice of alibi defense, the trial court, in accepting the guilty plea, should have assiduously adhered to the requirements of Rule 11 and should have even made a more detailed inquiry of the defendant to make certain that he was fully

aware that by pleading guilty, he was, in effect, making a judicial statement that he was guilty of the offense charged and that his alibi defense was in fact baseless.

 Before a challenge to a trial court's denial can be successfully resisted in a case where a defendant's request to withdraw a plea of guilty and be tried by a jury on an initial plea of not guilty, the record must clearly reflect that the trial court had assured itself that the guilty plea was voluntary and that it was intelligently entered. In accordance with Crim. P. 11, the trial court must make certain by inquiry of the defendant that he understands that the guilty plea stands as a waiver of nearly all of his rights as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971).

On remand, *see People v. Colosacco, supra* and *People v. Mason, supra,* regarding reinstatement of charges dismissed as a result of a plea bargain.

The judgment of the trial court is reversed and this cause is remanded with directions to vacate the defendant's plea of guilty and to rearraign this defendant.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.