## No. 26393

**The People of the State of Colorado v. Sherman Lambert**

(539 P.2d 1238)

Decided August 25, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Ronald M. Andersen, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant Lambert was charged with second-degree burglary. On arraignment, he pled not guilty. Two months later, on the date the case was scheduled for trial to a jury, he offered a plea of nolo contendere, which the trial court accepted. He made application for probation which was granted. Approximately six months after being placed on probation, the defendant filed a motion to set aside the nolo contendere plea. This motion alleges the failure of the trial court to comply with section 16-7-207, C.R.S. 1973. This statute and Crim. P. 11(b) require that a trial court must make certain determinations before it accepts a plea of guilty or a plea of nolo contendere.

The defendant's motion asserts that he was not expressly advised by the trial court of his right to a jury trial, and that the plea of nolo contendere waived this right. It also asserts that the defendant was not informed of the factual basis necessary for the acceptance of the plea, nor was he questioned as to the voluntary nature of his plea. The trial court, after hearing, denied the motion and found in effect that upon accepting the defendant's nolo contendere plea, the requirements of the statute and the rule had been substantially complied with and that the defendant was fully aware of the rights he was waiving and the consequences of the plea.

In our view, the record on appeal supports the trial court's denial of the defendant's motion and we therefore affirm.

On the date the case was set for trial to a jury, this defendant and a co-defendant tendered pleas of nolo contendere. The defendant's attorney

recited to the trial court the advisements given to the defendant and the defendant's understanding thereof.

Counsel's statements to the trial court set forth that defendant indicated his understanding of the plea of nolo contendere, of the possible penalties, of his right to proceed to trial and be represented by counsel, that at trial the prosecution would have to present evidence showing beyond a reasonable doubt the elements of the offense charged to support a conviction. The trial court then asked the defendant if he understood the advisements of his attorney, the nature of the offense and that the plea was being entered as to that offense. The defendant answered "yes." Inquiry by the trial court also included questions regarding the defendant's age and schooling. The trial court then questioned the co-defendant, which questioning and a statement on behalf of the co-defendant, dealt with the voluntariness of his plea. The trial court then asked whether either defendant had any questions. Both indicated they did not.

The record does fail to show that the defendant was expressly asked by the trial court whether he understood the right to trial by jury and the fact that he was waiving this right by the plea of nolo contendere. *See* Crim. P. 11(b)(3).

■ It must be pointed out, however, that this defendant had previously pled "not guilty" and at his request, the matter was set for trial to a jury. Thereafter, at a hearing, the trial court found, from the evidence presented, probable cause to charge this defendant with second-degree burglary. On the scheduled day of trial, he moved for withdrawal of the "not guilty" plea and tendered the plea of nolo contendere which, according to counsel's statement to the court, was understood by the defendant to be the equivalent of a guilty plea.

We believe this record therefore demonstrates that the defendant was fully aware of the fact that by withdrawing his "not guilty" plea and entering a plea of nolo contendere, he was waiving his right to a jury trial, and that the trial court had reached this determination before it accepted the defendant's plea of nolo contendere.

■ From our review and analysis of this entire record, we also hold that there was a factual basis established for the acceptance of the defendant's plea and that the trial court properly determined from all the procedures, the statement and inquiries, that this defendant's plea was voluntary.

We note that defendant in his motion and arguments before this court does not maintain that his plea was involuntary or that he was not fully aware of the rights he was waiving by making this plea. Rather, he argues that the trial court's failure to expressly spread upon this record the exactitude of precise compliance with section 16-7-207, C.R.S. 1973 and Crim. P. 11(b), requires that the defendant's motion be granted.

■ This court has steadfastly expressed the overriding consideration in analyzing a record pertaining to a guilty plea or a plea of nolo contendere that a set ritual is not required. "The formalistic recitation by the trial judge at a providency hearing is not a constitutional requisite." *People v.*

*Canino,* 181 Colo. 207, 508 P.2d 1273 (1973). *See also People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974).

■ If the record reflects, as it does here, that the trial court had assured itself that the defendant's plea was voluntary and intelligently entered with full knowledge of the nature and elements of the offense and of the waiver of his rights as an accused person, then lack of precise language in the record expressing these things is not of itself a valid reason to reverse the trial court.

We again point out at this time that the failure of a trial judge to make certain that the record expressly reflects full compliance with the statute and rule before he accepts a plea of guilty, or a plea of nolo contendere, frequently generates a challenge as in this case. Time after time in many opinions of this court, trial courts have been strenuously advised to make certain that the record sets forth a showing of trial court compliance with the statute and Crim. P. 11(b) when a defendant enters a plea of guilty or a plea of nolo contendere. Full compliance would certainly diminish challenges and appeals on this issue.

The judgment is affirmed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The requirements of Crim. P. 11 cannot be ignored with impunity. In my view, the errors which occurred in the providency hearing require reversal.