**Albert E. MARTINEZ, Petitioner,**

v.

**James G. RICKETTS et al., Respondents.**

**Civ. A. No. 80–K–1033.**

United States District Court,
D. Colorado.

Oct. 21, 1980.

Albert E. Martinez, pro se.

John Daniel Dailey, Asst. Atty. Gen., Denver, Colo., for respondents.

## ORDER OF DISMISSAL

KANE, District Judge.

Petitioner has filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his constitutional rights to due process and equal protection were violated by the sentencing court when that court failed explicitly to advise the petitioner of the element of specific intent in first degree assault. Petitioner claims that, therefore, his plea of guilty to that charge was involuntary because it was not a knowing, intelligent and understanding plea.

Martinez was charged with assault in the first degree pursuant to Colo.Rev.Stat. § 40–3–202(1)(a) (1963) (current version at Colo.Rev.Stat. § 18–3–202(1)(a) (1973), pled guilty to that charge, *Colorado v. Martinez,* Cr. No. 69455 (Colo.D.Ct. Oct. 23, 1973), and was sentenced to serve from 15 to 25 years in the state penitentiary. In 1978 petitioner sought to have his plea vacated pursuant to Colo.R.Cr.P. 35(b), *Colorado v. Martinez,* Cr. No. 69455 (Colo.D.Ct. July 6, 1978). Martinez alleged that the trial court did not advise him of the nature of the charge and the elements of the offense, that the court did not establish whether there was a factual basis for the charge, and that his plea was involuntary in that it was not knowingly, understandingly and intelligently entered. Petitioner's motion was denied on July 6, 1978, and this decision was affirmed by the Colorado Court of Appeals, *Colorado*

v. *Martinez*, No. 78–876 (Colo.App. Dec. 28, 1979). Certiorari was denied by the Colorado Supreme Court, *Martinez v. Colorado*, No. 80 SC 57 (Colo. March 17, 1980). The petitioner has exhausted his state remedies.

### I.

 In order for a court to accept a plea of guilty, there must be an affirmative showing that it was given voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). However, for collateral relief, such as habeas corpus, to be available more than a failure to follow the formal requirements of a rule of criminal procedure must be shown. *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). The test expressed in *Hill* is whether there is a "fundamental defect which inherently results in a complete miscarriage of justice" or whether there exist "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Id.* at 428, 82 S.Ct. at 471.

In interpreting Colo.R.Cr.P. 11, the Colorado Supreme Court has held that in reviewing the validity of a guilty plea, a court must be concerned with "whether the plea was voluntarily made with an understanding of the elements of the offense." *Colorado v. Edwards*, 186 Colo. 129, 526 P.2d 144, 146 (1974). Significantly, the Court added that:

> We do not believe that a guilty plea should be vacated on the grounds alleged by the defendant when, as in this case, we find nowhere in the record an allegation on the part of the defendant that he in fact did not understand the elements of the charge. At all relevant times [the defendant] was represented by able counsel and neither in his motion to vacate the guilty pleas, nor in the Crim.P. 35(b) hearing thereon, was there any indication that he did not understand the elements of [the crime].

*Id. See also People v. Duran*, 183 Colo. 180, 515 P.2d 1117 (1973); *People v. Canino*, 181 Colo. 207, 508 P.2d 1273 (1973); *People v. Keenan*, 185 Colo. 317, 524 P.2d 604 (1974).

The transcript from the hearing on petitioner's entry of plea shows the sentencing court's repeated efforts to insure that Martinez was, in fact, making his plea voluntarily and intelligently. I am satisfied with the sentencing court's determination. Even though the element of specific intent was not expressly addressed by the trial court, the following exchange from the October 23, 1973 hearing on Martinez' entry of plea shows that caution was exercised by the judge in accepting the plea.

THE COURT: If you went to trial the District Attorney would have to prove all of these charges against you and all of the essential elements of each and every charge. Do you think you understand what Count 1 charges you with, assault in the first degree, do you understand that?

THE DEFENDANT: Isn't that aggravated assault?

THE COURT: This is causing serious bodily injury to another person by means of a deadly weapon, to wit: a gun. Do you understand that?

THE DEFENDANT: I would like you to understand something yourself, though. If I hadn't have done that, that guy would have killed me.

THE COURT: We are not talking about that. I want to know if you understand the charges.

THE DEFENDANT: Yes, I understand.

THE COURT: If you have defenses and you have mitigating circumstances and you want to tell the Court about it–if you think you have defenses, you better go to trial on this thing. If you enter your plea of guilty you are admitting this offense, do you understand?

THE DEFENDANT: Yes.

Transcript at 145–147.

This exchange indicates that the plea was voluntarily made with an understanding of the elements of the charge. The sentencing court's failure explicitly to advise the petitioner of the element of specific intent is not such a "fundamental defect" that would result in a "complete miscarriage of justice."

## II.

Petitioner also alleges that his plea is invalid because the record does not establish a factual basis for the charge of first degree assault. However, an examination of both the presentence report and the transcript of the hearing on Martinez' entry of plea reveals an adequate factual basis.

I conclude that petitioner's plea was voluntary, knowing and understanding. The petition for writ of habeas corpus is denied and this civil action is dismissed. No costs to be assessed.