The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ralph CUSHON, Defendant-Appellant.

No. 79CA0476.

Colorado Court of Appeals, Div. III.

April 9, 1981.

Rehearing Denied May 21, 1981.

Certiorari Granted July 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Steven H. Denman, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals from an order of the trial court denying his Crim.P. 35(b) motion for post-conviction relief. He alleges that there was no factual basis presented at the hearing to justify the acceptance of his guilty plea. We agree and reverse.

In May of 1975, defendant was arrested and charged with second degree burglary and felony theft. In July of that year, he withdrew his not guilty plea to the charges, and entered a plea of guilty to the charge of felony theft.

The record leaves no doubt that, at the hearing where his guilty plea was accepted, the trial court meticulously informed him of the elements of the charge of felony theft, that the charge was a felony, and what the possible penalties were. The record also leaves little doubt that he clearly understood these matters. The principal issue remains—was a sufficient factual basis established before his guilty plea was accepted?

In stating the factual basis for the charge, the prosecutor neglected to provide any statement of the value of the items allegedly stolen, though he did present a list of the items. The trial court acknowledged that the element of value had not been shown, but it ruled that defendant had waived the necessity of establishing the factual basis for the charge under the rule announced in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

### I.

Crim.P. 11 establishes mandatory guidelines for the acceptance of guilty pleas. It requires, among other things, that the court determine that the defendant understands the charges and:

"(6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain

to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads."

A guilty plea cannot be accepted if the record lacks an affirmative showing of a factual basis. *See People v. Murdock*, 187 Colo. 418, 532 P.2d 43 (1975); *People v. Alvarez*, 181 Colo. 213, 508 P.2d 1267 (1973). Here, no evidence was offered to show that the value of the goods received was $100 or more, an essential element of the crime at that time. Section 18–4–401(2), C.R.S. 1973. Therefore, the requirements of Crim.P. 11 had not been met.

## II.

The question remains, did the defendant waive the necessity for the establishment of a factual basis under *North Carolina v. Alford, supra*?

Although the trial court, at one point during the proceeding, did inquire as to whether an *Alford* waiver was involved here, it received no reply from defendant which could be interpreted as a waiver of the requirement of establishing an adequate factual basis. We do not agree with the trial court's interpretation of *Alford*, that, as a matter of law, the entering of a guilty plea to a lesser charge automatically waives the factual basis requirement. In *Alford* the trial court took additional evidence as to the factual basis for the offense charged. Thus, the acceptance of the guilty plea in this case without an adherence to all of the requirements of Crim.P. 11 invalidates the plea. The defendant must be allowed to withdraw his guilty plea and be afforded an opportunity to plead anew. *See People v. Randolph*, 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People*, 171 Colo. 123, 464 P.2d 866 (1970).

The other issue raised on this appeal is without merit.

The judgment is reversed and the cause is remanded with directions to vacate the guilty plea and to reinstate the charges, and to allow appellant to plead anew.

KIRSHBAUM and TURSI, JJ., concur.