The PEOPLE of the State of
Colorado, Petitioner,

v.

Ralph CUSHON, Respondent.

No. 81SC196.

Supreme Court of Colorado,
En Banc.

Aug. 23, 1982.

Rehearing Denied Sept. 27, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James F. Carr, Asst. Atty. Gen., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari in this case to review the court of appeals' decision in *People v. Cushon*, 631 P.2d 1164 (Colo.App.1981), in which the trial court's judgment denying the defendant's Crim.P. 35(b) motion for post-conviction relief was reversed. A review of the record convinces us that the trial court was correct in denying the defendant's 35(b) motion. We, therefore, reverse the judgment of the court of appeals.

Defendant Cushon was charged with second-degree burglary and the felony theft of goods valued in excess of one hundred dollars. Pursuant to a plea bargain, the defendant entered a guilty plea to the charge of felony theft and the burglary charge was dismissed. He was then sentenced to an indeterminate term not to exceed three years at the Colorado State Reformatory. Thereafter, the defendant filed his *pro se* Crim.P. 35(b) motion alleging that the trial court failed to comply with Crim.P. 11, and that "said guilty plea is illegal and involuntary in that it was accepted *without a factual basis*." (Emphasis supplied in original). After hearing, the trial court denied the defendant's 35(b) motion.

In reversing the trial court's judgment, the court of appeals held that a factual basis for the guilty plea, as required by Crim.P. 11(b)(6), had not been established at the providency hearing.[1] Specifically, the

---

1. The pertinent provisions of Crim.P. 11 are as follows:

   (b) *Pleas of Guilty and Nolo Contendere.* The court shall not accept a plea of guilty or a plea of nolo contendere without first deter-

court of appeals ruled that the prosecution's failure "to provide any statement as to the value of the items allegedly stolen" rendered the subsequent acceptance of the guilty plea invalid. We disagree.

We have previously emphasized that satisfaction of Crim.P. 11 requirements does not impose a prescribed ritual or wording before a guilty plea may be accepted. *People v. Lambert,* 189 Colo. 264, 539 P.2d 1238 (1975); *People v. Duran,* 183 Colo. 180, 515 P.2d 1117 (1973); *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973).

The record here makes it convincingly clear that before the defendant pled guilty, he had a full and accurate understanding of each of the elements of the charge; that he "did do that with which" he was charged; and that he knew the consequences of a guilty plea. The record also demonstrates that the guilty plea was voluntary beyond question. These are the purposes sought to be achieved by Crim.P. 11, and if such purposes were attained as shown from this record, there is at least that high degree of substantial adherence to the requirement of this rule which dictates that form should not prevail over substance. *See People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974); *People v. Crater,* 182 Colo. 248, 512 P.2d 623 (1973).

The record in this case reveals a substantial adherence to the requirements of Crim.P. 11 and we therefore conclude that the trial court did not commit error in accepting the defendant's guilty plea and consequently, its denial of defendant's 35(b) motion should not be reversed.

A review of this record draws immediate attention to the following points which support the conclusion that the trial court's compliance with Crim.P. 11 was sufficient.

(1) The information charging the defendant with the crime of felony theft specifically alleged that the stolen items had a value in excess of one hundred dollars;[2] (2) During the course of the providency hearing, the trial court in minute detail advised the defendant as to each element of the offense to which he was pleading guilty. In so doing, the court informed the defendant that to secure a conviction at trial, the prosecution would have to establish beyond a reasonable doubt that the stolen items had a value in excess of one hundred dollars. When specifically asked by the trial judge if he understood the elements of the offense and the ramifications of his guilty plea, the defendant answered in the affirmative; (3) The trial court informed the defendant that "a plea of guilty is a statement by you that you did that with which you are charged." The defendant advised the trial court that he knew this, and also, that the plea was his voluntary act. This is tantamount to an acknowledgment of guilt; (4) The trial court prior to accepting the guilty plea questioned both the defendant, and defendant's attorney as to whether the attorney had discussed this matter with his client and had advised him. The responses indicated that there had been discussions of "considerable length" between them and that the defendant was satisfied with the attorney's advice. *See People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979); (5) Nowhere in either his 35(b) motion or in his

mining that the defendant had been advised of all the rights set forth in Rule 5(a)(2) and also determining:

. . . . . 

(6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads. . . .

**2.** Count II of the information to which the defendant pled guilty stated:

"That on or about the 8th day of May, 1975, in the County of El Paso, Colorado, RALPH CUSHON, did feloniously, unlawfully, and knowingly commit the crime of theft by unlawfully and feloniously taking a thing or things of the value of more than One Hundred Dollars ($100.00), to-wit: guns, camera, jewlery [sic], watches, lighter, U.S. Coins, U.S. Currency and foreign coins of BRUCE PRESTON PERRY; In violation of Colorado Revised Statutes 1973 as amended, 18–4–401, Theft Felony, . . ."

appellate pleadings does the defendant argue that the collective value of the stolen items was less than that required for conviction. *See People v. Edwards, supra; People v. Lambert, supra;* and (6) After comprehensive advisements and questioning of the defendant, the trial court asked him why he was pleading guilty. The defendant answered that he was doing so to "escape the risk of being convicted of the other charge." Defendant did not protest his innocence, but rather the record persuasively indicates an acknowledgment by him of guilt particularly to the lesser charge to which he pled guilty. This is not a so-called "Alford plea." *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where a defendant does not acknowledge guilt and maintains his innocence, but, nevertheless, pleads guilty to a lesser offense. The strictest compliance with the rules governing a plea of guilty would be required in such a case.

In light of these, and other facts, as shown from the record, we find the court of appeals' decision, which relied solely on the inadvertent failure of the prosecution to state at the providency hearing the value of the stolen items, to be an unduly strict interpretation of Crim.P. 11, which is unwarranted under the record of this case.

Our conclusion is supported by the rationale in the not dissimilar case of *People v. Canino,* 181 Colo. 207, 211, 508 P.2d 1273, 1275 (1973), wherein this court stated:

> "We have recognized the need for a full providency hearing and have specified the formalities which the court must follow.... Our concern, however, has always been with reality and not ritual.... What the constitution requires is that the defendant be aware of the elements of the offense and that he voluntarily and understandingly acknowledge his guilt. A formalistic recitation by the trial judge at a providency hearing is not a constitutional requisite. In this case,

... the defendant told the court that the charges were fully explained to him by his counsel. To us, it would be the height of sophistry, under the circumstances of this case, to vacate the defendant's plea because of the court's failure to set forth in the record the elements of the crime of theft."

The other issue raised in the appeal before the court of appeals is without merit.

The judgment of the court of appeals is reversed.

DUBOFSKY, LOHR and QUINN, JJ., dissent.

LOHR, Justice, dissenting.

The majority holds that the trial court adequately complied with Crim.P. 11 prior to accepting the defendant's plea of guilty to felony theft, with the result that the court properly denied his Crim.P. 35(b)[1] motion to vacate his judgment and sentence. I disagree, and so respectfully dissent.

The defendant was charged with second degree burglary of a dwelling[2] and felony theft.[3] He entered into a plea bargain with the prosecution pursuant to which he would plead guilty to felony theft, and the burglary charge would be dismissed.

At the providency hearing, the trial court meticulously advised the defendant of the elements of the offense and the consequences of a plea of guilty to felony theft. It then asked the deputy district attorney for the factual basis for the plea, and the deputy responded,

> The factual basis, your Honor, is that in El Paso County, May 8, 1975, Ralph Cushon had in his possession a variety of items, a lighter, jewelry, watches, some foreign currency, U.S. currency of some value, had those in his possession and he knew those were stolen items and had them in his possession without the permission of the rightful owner, that right-

<hr>

1. Under the Colorado Rules of Criminal Procedure as amended effective November 13, 1979, the grounds upon which the defendant relies are now included in Crim.P. 35(c)(2).

2. Section 18–4–203, C.R.S.1973.

3. Section 18–4–401, C.R.S.1973.

ful owner being Bruce Preston Perry, and had the specific intent, the evidence would show, to deprive the rightful owner of those items.

After this recital the judge asked the defendant why he was pleading guilty. The defendant answered, "[t]o escape the risk of being convicted of the other charge [i.e., second degree burglary]." Although the defendant did not expressly assert his innocence at the time he offered his guilty plea, the trial court considered the plea to be of the type discussed in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and accepted it.[4]

In *North Carolina v. Alford, supra,* the United States Supreme Court rejected a due process challenge to the acceptance of a guilty plea under circumstances where the defendant did not acknowledge guilt, stating:

Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. The Court went on to say,

Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis

for the plea; and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.

400 U.S. at 38, n. 10, 91 S.Ct. at 167–68, n. 10, 27 L.Ed.2d at 171–172, n. 10 (citations omitted).

In the instant case the record lacks any factual demonstration that the stolen property exceeds the value of $100 and is devoid of a waiver of this showing. Furthermore, contrary to the implication in the majority opinion, this is not simply a technical omission of an uncontroverted fact.[5]

Crim.P. 11 directs that the court determine that there is a factual basis for the plea. The reason for this has been explained by the United States Supreme Court in construing a substantially similar requirement in Rule 11 of the Federal Rules of Civil Procedure:

[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

*McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 424–25 (1969) (footnotes omitted).

---

**4.** After the defendant responded that he was pleading guilty to avoid the risk of a burglary conviction, the court said:

Is that Alfred V. North Carolina (sic), you are doing it underneath that to avoid this five to forty year charge of burglary of a dwelling; you have a right to do so, Mr. Cushon.

**5.** The majority states that "[n]owhere in either his 35(b) motion or in his appellate pleadings does the defendant argue that the collective value of the stolen items was less than that required for conviction." In his pro se motion

under Crim.P. 35(b), however, the defendant stated "[t]hat the value of property in a theft charge must exceed 200 or more dollars whereas the value of property in the above mentioned case was 100 dollars and maybe less." Furthermore, in his testimony at the Crim.P. 35(b) motion hearing the defendant stated his opinion that the value of the items in question was about $60 or $70. He said that if asked at the providency hearing he would have responded that the property was of a value less than $100.

We have always required careful compliance with the requirements of Crim.P. 11. A guilty plea cannot be accepted absent a record affirmatively showing a factual basis as required by that rule. *See People v. Murdock,* 187 Colo. 418, 532 P.2d 43 (1975); *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971). If a conviction is predicated on a guilty plea obtained without compliance with Crim.P. 11 the defendant has the right to vacation of the judgment and sentence, and withdrawal of the plea. *E.g., People v. Sandoval,* 188 Colo. 431, 535 P.2d 1120 (1975); *People v. Randolph, supra.*

No amount of explanation to the defendant of the value element of the felony theft charge can serve as a surrogate for establishment of a factual basis to support that element of the charge, or for a waiver of a presentation of that basis in fact. This is not a case of mere lack of adherence to a ritual advisement format. *See, e.g., People v. Lambert,* 189 Colo. 264, 539 P.2d 1238 (1975). As the trial court found, and as the majority's own recital of the facts amply demonstrates, a factual basis for the value element was not presented in any form at the providency hearing. Furthermore, as the Court of Appeals determined, there is no foundation in the record to support a conclusion that the defendant waived the presentation of a full factual basis for the plea.

In my view the Colorado Court of Appeals correctly decided the issues and properly reversed the trial court's denial of the defendant's Crim.P. 35(b) motion. *People v. Cushon,* 631 P.2d 1164 (Colo.App.1981). I would affirm the decision of that court.

I am authorized to say that Justice DUBOFSKY and Justice QUINN join me in this dissent.