No. 23539.

THE PEOPLE OF THE STATE OF COLORADO *v.*
ROQUE F. LEDESMA.
(468 P.2d 27)

Decided April 13, 1970.

James D. McKevitt, District Attorney, Gregory A. Mueller, Assistant, James W. Creamer, Jr., Chief Deputy, James M. DeRose, Deputy, Bennett Rolfe, Deputy, Edward A. Simons, Deputy, Second Judicial District, for plaintiff in error.

Rollie R. Rogers, State Public Defender, Kenneth J. Russell, Deputy, Edward H. Sherman, Public Defender, City and County of Denver, William Chisholm, Public Defender, City and County of Denver, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

This is a writ of error proceeding brought by the district attorney seeking our disapproval of action taken by the trial court in the trial of criminal charges against the defendant in error. We do not disapprove of the action of the trial court.

By information the defendant was charged with two counts of unnatural copulation — per os and per anus. The information also contained counts of felonious assault and other crimes. The alleged victim was 12 years of age and was the step-daughter of the defendant.

The court appointed an attorney, other than the counsel for the defendant, to act as counsel for the child. The girl's attorney advised her to refuse to answer any ques-

tions beyond liminal interrogation for the reason that she might incriminate herself. She followed this advice and refused to answer all questions propounded to her except those concerning her name, age, acquaintanceship with the defendant, identification of the defendant and her relationship to the defendant. The court ruled that her testimony might tend to incriminate her and declined to require her to answer any of the questions which she had refused to answer. This girl was the only witness called by the People. Following her refusal to answer eleven questions propounded to her by the deputy district attorney, he stated that he had no further questions and "The People rest." Thereupon the court granted the defendant's motion for a directed verdict of acquittal on all counts.

The basic assumption is that the girl could not be convicted of committing a *crime* as a result of any of the acts involved. The principal question of law presented is whether she still might incriminate herself. The alleged offense occurred after the Colorado Children's Code became effective on July 1, 1967. 1967 Perm. Supp., C.R.S. 1963, 22-1-1 *et seq.* A reading of the statute discloses a number of grounds upon which, possibly, the conduct of the child would be the basis for finding her delinquent, in need of supervision, neglected or dependent. The United States Supreme Court has held that the language of the Fifth Amendment, applicable to the states by operation of the Fourteenth Amendment, protects a child against self-incrimination under juvenile delinquency laws. *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527.

The district attorney argues that the privilege of declining to testify is not a matter which lies within the exclusive discretion of the witness. This is correct. The judge made the decision here, based upon his understanding of the circumstances of the case.

The district attorney also contends that the child did not demonstrate sufficiently that her testimony might be the basis for an adjudication of juvenile delin-

quency. As we can consider only questions of *law* here, the extent of our province is limited to a determination of whether or not there was an absence of circumstances which justified the trial court's ruling. There was no such absence. Attention is directed to the language of *Hoffman v. United States*, 341 U.S. 479, 71 S. Ct. 814, 95 L.Ed. 1118:

". . . if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee."

The remainder of the arguments presented to us concern questions of *fact* which cannot be the subject of this type of writ of error. C.R.S. 1963, 39-7-26 (2).

Judgment approved.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.