No. 26343

**The People of the State of Colorado v. Earnest Alois Martinez, Samuel Campos and Donald Alfred Cook**

(527 P.2d 534)

Decided October 29, 1974.

Robert R. Gallagher, Jr., District Attorney, C. Scott Crabtree, Deputy, for plaintiff-appellant.

No appearance for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Defendants are charged with possession of marijuana and possession for sale of marijuana (C.R.S. 1963, 48-5-2, and 1971 Perm. Supp., C.R.S. 1963, 48-5-20). The trial court granted their motion to suppress the introduction of marijuana taken from a car in which they were riding. The People have brought this interlocutory appeal pursuant to C.A.R. 4.1. We affirm.

Two Colorado State Patrol officers, while patrolling on Interstate 70 West of Byers, noticed a car with a "hanging" Wyoming license plate and a defective tail light. They stopped the car. The driver, defendant Martinez, got out of the vehicle and walked back toward the police car. One of the officers informed him of the defects and advised him to correct them.

One of the officers asked Martinez for his drivers license and vehicle registration. Martinez produced his license and the title to the car. Martinez testified as follows concerning what then transpired: Martinez told the officer that he did not have the registration, but merely the title. One of the officers asked Martinez what he had in the trunk and he responded that he had some tire chains. The officer asked for permission to inspect the trunk of the car, and Martinez refused to grant it. The car keys were lying on the front seat next to Martinez. The officer reached across Martinez, took the keys, used them to open the trunk and there found the marijuana.

The testimony of the officers is quite divergent from that of Martinez but it is not necessary for us to relate it.

In an opinion in this matter announced on July 1, 1974, we noted that the trial court had made no findings and we remanded the case to it for the purpose of making findings of fact. The matter is now returned here with findings made by the court as follows:

"The Court is going to find that the request of the defendants to identify prior to the opening of the trunk — to identify items in the trunk — in order to make, according to their testimony, in order to determine as to whether he could establish ownership of his vehicle by identification of items

in the trunk is indeed an unreasonable search and that's an unreasonable manner in which to investigate to determine whether the automobile in question was indeed stolen. The Court feels that probably the average citizen could not tell anyone what is in his trunk and I think it was a very unreasonable means of determining whether the car was stolen, and therefore I think that this was — the Officers were indeed conducting nothing more than an exploratory search and this is the basis of the Court's findings and these supplemental findings will be transferred to the Supreme Court."

The People seek to justify the search on the basis that the officers were attempting to verify the statements of Martinez as to the contents of the trunk from an inspection of the contents of the trunk, and thereby determine whether the car was stolen.

██ The trial court made some conclusions of law as well as findings of fact. We are compelled to follow its findings that under the facts here it was an unreasonable means of determining whether the car was stolen. This obviously was predicated upon and supported by the testimony of Martinez. That being the trial court's finding of fact, we should not disturb it. *Vigil v. Pine, Jr.*, 176 Colo. 384, 490 P.2d 934 (1971); and *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Since the trial court made findings of fact which compel the decision we make here, we do not reach the question of law involved and lose the opportunity to discuss this case in the light of *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); and other cases.

Ruling affirmed.