The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Angel DeLEON, Defendant-Appellant.

No. 80SA97.

Supreme Court of Colorado, En Banc.

March 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave III, Deputy State Public Defender, Denver, for defendant-appellant.

LOHR, Justice.

The Morgan County district court entered a judgment of conviction against the appellant, Angel DeLeon, for Driving After Judgment Prohibited, section 42–2–206, C.R.S.1973. DeLeon brought this appeal, claiming that the statute upon which his conviction is based is unconstitutional and that the traffic offense convictions which underlie the charge of Driving After Judgment Prohibited were obtained in violation of his constitutional rights. We affirm the judgment of the trial court.

In an administrative hearing before a hearing officer of the Colorado Department of Revenue, Motor Vehicle Division (DMV), the defendant was found to be an habitual traffic offender because he had been convicted of three traffic offenses within a seven-year period as provided in section 42–2–202(2)(a), C.R.S.1973. As a result, his license to operate a motor vehicle was revoked by the DMV for a period of five years, pursuant to section 42–2–203 (1973). Thereafter, during the time the revocation was in effect, a Colorado state patrolman stopped the appellant while the latter was driving a car west of Brush, Colorado. As a result of the stop, the officer learned that the appellant's license had been revoked. The appellant then was charged with Driving After Judgment Prohibited. He was convicted after a trial to the court, and this appeal followed.

I.

The appellant asserts that the Driving After Judgment Prohibited statute, section 42–2–206, C.R.S.1973, and the statutory plan upon which it is based are unconstitutional. See sections 42–2–201 to 208, C.R.S.1973. The principal bases for this assertion are (1) that the administrative proceeding which results in a determination that a defendant is an habitual traffic offender is a critical stage of a subsequent judicial trial on a charge of Driving After Judgment Prohibited, and that important constitutional safeguards are absent from that administrative proceeding; (2) that due process of law requires that a defendant be advised at the time his license is revoked that to drive in violation of the order of revocation is a felony-level criminal offense, and that DeLeon was not so advised; and (3) that the statutory plan imposes a cruel and unusual punishment in that the penalty prescribed is greatly disproportionate to the seriousness of the offense. In *People v. McKnight*, Colo., 617 P.2d 1178 (1980) we considered the legal issues involved in these arguments and re-

solved each of them adversely to the appellant's contentions. There, in treating the cruel and unusual punishment argument, we relied on our opinion in *People v. Scott*, Colo., 615 P.2d 35 (1980). We are not persuaded that either *McKnight* or *Scott* should be reconsidered.

## II.

The appellant asserts that two of the three traffic offense convictions which form the basis for the determination that he is an habitual traffic offender were obtained in violation of his constitutional rights.

 We have held that a defendant may collaterally attack such convictions when later charged with Driving While Judgment Prohibited. *People v. Roybal*, Colo., 618 P.2d 1121 (1980) (Roybal I); *People v. Heinz*, 197 Colo. 102, 589 P.2d 931 (1979). *See People v. Able*, Colo., 618 P.2d 1110 (1980). In order to assert the constitutional invalidity of a traffic offense conviction, a defendant must make a prima facie showing of invalidity; the People must then prove the conviction was obtained in a manner consistent with the defendant's constitutional rights. *People v. Roybal*, Colo., 617 P.2d 800 (1980) (Roybal II); *Roybal I, supra; see People v. Meyers*, Colo., 617 P.2d 808 (1980); *People v. Able, supra; People v. Heinz, supra; People v. Morrison*, 196 Colo. 319, 583 P.2d 924 (1978); *People v. Woll*, 178 Colo. 443, 498 P.2d 935 (1972).

 In the case before us, the appellant sought dismissal of the charge of Driving After Judgment Prohibited on the basis that two of the three traffic offense convictions supporting the revocation of his driver's license were obtained in violation of his constitutional rights. A hearing was held immediately prior to the trial to determine the merit of the appellant's position. At that hearing the parties stipulated that the transcripts relating to the two traffic offense convictions had been destroyed, based upon the age of the records, as part of a routine record destruction process. A certi-

fied copy of the county court criminal docket sheet for each of the two cases was received in evidence. Each docket sheet reflects that the appellant appeared, was advised of his rights, waived formal proof and pled guilty; and that a judgment of conviction was entered on that plea. On each docket sheet the space for listing the attorney for the defendant is blank.

The defendant then testified that he had not been represented by an attorney in defending against either of those charges, and that he could not remember whether the court had advised him of the nature or elements of the charges or the effect of his plea before he pled guilty to them. He also stated that although he could recall that the court had said something about a jury trial he was confused about whether he had the right to a jury trial, and about the nature of a jury trial. He did recall that the judge had advised him of the possible penalties. On cross examination the defendant stated that he did not understand English very well, especially the big words which the lawyers use in court. He testified that he had a tenth grade education and had been employed by a millwright service to fix grain elevators. On re-direct examination the defendant again stated that at the time of his prior convictions he did not understand the meaning of a jury trial.

It is the function of the trial court, as trier of fact, to weigh the evidence and assess the credibility of the witnesses. *People v. Gomez*, 184 Colo. 319, 519 P.2d 1191 (1974). The court found from the evidence that the criminal docket sheets reflected prima facie that prior to accepting each plea the defendant had been advised adequately, that his pleas had been entered after he had made a full and knowing waiver of his right to an attorney and his other rights and that the defendant had not established that the traffic offense convictions were constitutionally infirm.[1] Our review of the record reflects that the trial court's findings of fact are supported by the evidence, including reasonable inferences to

1. Although the defendant's burden is only to make a prima facie showing of invalidity, *Roy-*

*bal II, supra*, the findings of fact adequately reflect that he did not carry that burden.

be drawn from the criminal docket sheets. Findings of fact so supported cannot be disturbed on review. *People v. Martinez*, 186 Colo. 388, 527 P.2d 534 (1974). The trial court's conclusions are correct based upon those findings.

The judgment of conviction is affirmed.