The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Elias TORRES, Defendant-Appellant.

No. 79SA363.

Supreme Court of Colorado, En Banc.

March 30, 1981.

---

J. D. MacFarlane, Colo. Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Anthony M. Marquez, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

DUBOFSKY, Justice.

On March 2, 1976, following an administrative hearing before a Department of Revenue (Department) hearing officer, appellant Elias Torres (Torres) was adjudged to be a habitual traffic offender under section 42–2–202(1) and (2)(a)(I), C.R.S. 1973. Exercising the authority vested in it by section 42–2–203, C.R.S. 1973, the Department revoked Torres' driver's license for five years.[1]

On the evening of December 23, 1976, while driving on Highway 85 near Greeley, Torres was stopped by a Colorado State Patrolman who advised him that one of his headlights was burned out. When asked to produce his driver's license, Torres told the officer that he did not have it with him.

An investigation disclosed that Torres had been adjudged a habitual traffic offender on March 2, 1976, and that his license was under revocation when he was stopped on December 23, 1976. Thereafter, an information charging him with Driving After Judgment Prohibited, a class five felony, section 42–2–206, C.R.S. 1973, was filed by the Weld County District Attorney.

Following a jury trial, Torres was convicted as charged. At a sentencing hearing, the trial court found that Torres was driving because of an emergency, sentenced him to ninety days imprisonment in the Weld County Jail and placed him on probation for three years. See section 42–2–206(1). This appeal was subsequently perfected.

Torres contends that the Driving After Judgment Prohibited Statute, section 42–2–206, and the underlying statutory scheme authorizing the Department to revoke the drivers' licenses of persons adjudged to be habitual traffic offenders, see section 42–2–201, et seq., C.R.S. 1973, are unconstitutional. Two principal bases for this contention are advanced. First, Torres argues that the administrative license revocation proceeding in which a driver is adjudged a habitual traffic offender is a "critical stage" in a subsequent felony prosecution for Driving After Judgment Prohibited. Because such procedural due process safeguards as the right to counsel, the right to compulsory attendance of witnesses, and the right of confrontation are omitted from this proceeding, Torres asserts that a derivative felony conviction under section 42–2–206 is constitutionally defective. Second, Torres argues that the due process clause of U.S. Const. amend. XIV obligates the Department to warn a licensee that driving in violation of a section 42–2–203 revocation order is punishable as a felony offense. Torres alleges that he was not so advised at the revocation hearing and that his subsequent conviction for Driving After Judgment Prohibited thus deprived him of due process of law.

---

1. The Department of Revenue Hearing Report, made a part of the record in this case, reflects that Torres was represented by counsel at the revocation hearing and was "warned not to drive; advised of penalties under [section] 42–2–206 [, C.R.S. 1973]."

We have previously considered and rejected each argument Torres here advances. *People v. DeLeon,* Colo., 625 P.2d 1010 (1981); *People v. McKnight,* Colo., 617 P.2d 1178 (1980). We see no reason to depart from our rulings in those cases.

Judgment affirmed.