The **PEOPLE** of the State of Colorado,
Plaintiff–Appellant,

v.

Dale **FLEMING**, Defendant–Appellee.

No. 88SA134.

Supreme Court of Colorado,
En Banc.

Oct. 30, 1989.

James F. Smith, Dist. Atty., and Michael J. Milne, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Varallo, Abbott & Dugan, P.C., Michael A. Varallo, Greeley, for defendant-appellee.

Justice ROVIRA delivered the Opinion of the Court.

An Adams County District Court order dismissed the charge against defendant, Dale Lee Fleming, after trial, on the ground that the prior convictions which formed the bases for the charge were obtained in an unconstitutional manner. The People appeal.[1] Because the defendant failed to present a prima facie case that his underlying convictions were unconstitutional, we reverse and remand to the district court for reinstatement of defendant's conviction.

## I.

Defendant was charged with a class 5 felony, driving after revocation prohibited, contrary to section 42–2–206, 17 C.R.S. (1984), in Adams County Criminal Action No. 86CR0941. The charge was based on an allegation that defendant operated a motor vehicle after his driver's license had been revoked by the Colorado Department of Motor Vehicles, upon a finding that the defendant was a habitual traffic offender. Defendant's habitual traffic offender status was predicated on his conviction for three alcohol related traffic offenses within a seven-year period. These convictions include: (1) *People v. Fleming*, Morgan County Case No. 81T1392, in which defendant entered a guilty plea to the offense of driving while ability impaired by alcohol;[2] (2) *People v. Fleming*, Morgan County Case No. 82T0984, in which defendant entered a guilty plea to the charge of driving under the influence of intoxicating liquor;[3] (3) *People v. Fleming*, Morgan County Case No. 84T1770, in which defendant entered a plea of guilty to the offense of driving a vehicle while ability impaired by alcohol.[4]

Prior to trial, defendant moved to dismiss on the grounds that the three traffic convictions which form the basis of the current charge were unconstitutionally obtained. In a hearing before Judge Oyer G. Leary, defendant contended that he had not been properly advised of his rights in the prior proceedings, pursuant to Crim.P. 5 and 11, and thus his prior convictions were constitutionally infirm. In support of this contention, he presented the following evidence: (1) a letter from the Morgan County Court Clerk which stated that a recording of the proceedings in Case No. 81T1392 could not be located, and the recording of the proceedings in Case No. 82T0984 had been erased; (2) the register of actions in Case No. 81T1392, which indicated that defendant appeared *pro se*, and did not appear for his preliminary hearing because of car trouble, and which showed that the box next to the words "advised of rights, nature of charges, possible penalties" was not checked; (3) the register of actions in Case No. 82T0984, which indicated that defendant was represented by counsel but also showed a check mark in the box next to the

---

1. The People have the right to appeal any decision of the trial court in a criminal case upon a question of law. § 16–12–102(1), 8A C.R.S. (1986). This appeal was commenced on May 2, 1988, and thus was filed directly in the supreme court, pursuant to C.A.R. 4(b)(2), 7B C.R.S. (1984). Prosecutorial appeals commenced after August 1, 1988 must now be filed in the court of appeals. C.A.R. 4(b)(2), 7B C.R.S. (1988).

2. Defendant was originally charged with driving under the influence of intoxicating liquor, in violation of section 42–4–1202, and resisting arrest, in violation of section 18–8–103. As part of a plea bargain, defendant pleaded guilty to the lesser charge of driving while impaired, and was granted a deferred judgment on the charge of resisting arrest.

3. Defendant was originally charged with driving under denial, in violation of section 42–2–130; a hit and run, in violation of section 42–4–1402; and driving under the influence of intoxicating liquor, in violation of section 42–4–1202. He was also charged with attempting to elude a police officer, in violation of section 42–4–1511, although the offense was incorrectly recorded on the register of actions as a violation of section 42–4–506. As a result of a plea bargain, the defendant agreed to plead guilty to the charge of driving under the influence of intoxicating liquor, and the other charges were dismissed.

4. Defendant was originally charged with driving under the influence of intoxicating liquor, in violation of section 42–4–1202. As part of a plea bargain, defendant agreed to plead guilty to the lesser charge of driving while impaired.

words "pro se," and which contained no check mark in the box next to the advisement category; (4) the register of actions in Case No. 84T1770, which indicated that defendant was represented by counsel, but that the box next to the advisement category was not checked; and (5) a printed Crim.P. 11 advisement form, signed by defendant in Case No. 84T1770, and a transcript of the plea and advisement in that case.

Concerning Case No. 81T1392, defendant testified that he did not remember whether he was represented by an attorney or whether he was advised by the court that he had a right to counsel. He also did not remember whether the court advised him as to his Crim.P. 5 rights, or whether the court informed him as to the nature of the charges to which he was pleading guilty. Regarding Case No. 82T0984, the defendant testified that he did not remember whether the court advised him of his Crim.P. 5 rights; whether the court made any determination that defendant understood the nature of the charges and the possible penalties; whether the court determined that the plea was voluntary; or whether the court determined that he understood his right to a trial by jury. Finally, the defendant testified that although he signed the written Crim.P. 11 advisement in Case No. 84T1770, he did not remember whether the judge reviewed that form with him.

The People called, as a witness, Judge Edgar L. Brandenburg, the judge who accepted the guilty pleas from the defendant in all three of the prior convictions. Judge Brandenburg testified that, although he could not remember the specific details of defendant's cases, he always followed a consistent set of procedures in his courtroom. These procedures included a complete advisement of Crim.P. 5 rights at the preliminary hearing stage, and a Crim.P. 11 advisement when he took a defendant's plea. Judge Brandenburg testified that a defendant not present at the preliminary hearing would be advised as to his Crim.P. 5 rights at his next appearance. After examining the court documents, Judge Brandenburg testified that he had no rea-

son to believe that he deviated from his standard practice and procedure in the defendant's cases, and that there was no doubt in his mind that the defendant had been properly advised on each occasion. He also indicated that there was at least one error on the register of actions in that defendant was represented by an attorney in Case No. 82T0984, and thus the "pro se" box should not have been checked. Finally, the judge testified that he never accepted a plea without advising a defendant as to his rights.

Based on the evidence, Judge Leary found that the prosecution had proved the constitutionality of defendant's convictions by a preponderance of the evidence. He denied the motion to dismiss and set the case for trial. Subsequently, Judge Leary retired.

On June 8, 1987, the case proceeded to trial before Judge Michael A. Obermeyer. Defendant renewed his motion to dismiss. Judge Obermeyer ruled that Judge Leary's determination was binding, but that the issue could be raised in a new trial motion if defendant were convicted. The case proceeded to trial and defendant was found guilty of the charge of driving after revocation prohibited.

Defendant filed a motion for new trial or in the alternative, a renewed motion to dismiss, based on the constitutional validity of the underlying convictions. After a hearing, Judge Obermeyer stated that he was concerned that there was insufficient evidence to support Judge Leary's findings, particularly on the issues of voluntariness and the establishment of a factual basis. The court ordered a new hearing on the constitutionality of the underlying convictions.

At the hearing, Judge Obermeyer accepted into evidence the transcript of the proceedings held before Judge Leary. Judge Brandenburg once again testified concerning his pattern of inquiry into the voluntariness of a defendant's plea and the existence of a factual basis for such plea. Judge Brandenburg testified that although he did not always ask the question, "Are

you making this plea voluntarily?", he always made a determination whether the defendant's plea was voluntary. The judge indicated that if he had any doubt as to the voluntariness of the plea, he would make further inquiry as to the defendant's voluntariness, knowledge of his rights, and need to consult an attorney. Using the example of a plea to the charge of driving while ability impaired, Judge Brandenburg testified that when accepting the plea, he would ask the defendant if he understood that by entering a plea of guilty, he was admitting that on the date and time of the ticket he drove a motor vehicle in Morgan County, Colorado, after consuming some alcohol, and that the alcohol had an effect upon his ability to drive. The judge testified that if a defendant indicated that he was not admitting those facts, he would refuse to take the defendant's plea.

At the conclusion of the hearing, Judge Obermeyer held that the convictions in Case No. 81T1392 and Case No. 82T0984 were unconstitutional. He stated that it is difficult for a court to make a determination whether a plea is entered voluntarily, knowingly and intelligently unless there is some inquiry into the factual basis of the plea. Although the court found that Judge Brandenburg, when accepting the pleas from the defendant, followed his usual pattern, it held that such pattern was insufficient to establish a factual basis inquiry. Rather, an appropriate factual basis inquiry requires the court to:

> [I]nquire if the defendant understands that the People have to show that he was driving a motor vehicle; that he had consumed alcohol; and that his ability to drive with safety to himself and others was impaired by having done so; and if he agrees that the People would be able to show that.
>
> There is no inquiry of that nature reflected here, and I think the Court has to distinguish that component of the Rule

11 advisement which has to do with explaining the effect of the plea to the defendant from making a reasonable inquiry as to whether or not the plea is voluntary and in fact supported by some sort of an arguable factual basis.

The court then granted defendant's motion in part, and ordered a new trial.

Before the new trial date, the prosecution filed an original proceeding pursuant to C.A.R. 21, requesting the issuance of a rule to show cause as to why the trial court's order granting a new trial should not be vacated and the judgment of conviction reinstated. This court issued a rule to show cause and ordered that proceedings be stayed. Subsequently, we dismissed the original proceeding and discharged the rule as improvidently granted.

After the case was remanded, a third judge, Judge Harlan R. Bockman, was requested to review the evidence in order to make his own determination as to the constitutionality of the underlying traffic convictions. The parties expressly declined to present additional evidence on the constitutionality issues. Judge Bockman ruled that because Judge Obermeyer had conducted a full and complete hearing when he granted a new trial, Judge Obermeyer's determinations were binding. Judge Bockman further found that when Judge Obermeyer determined that two of the underlying convictions were defective, he implicitly granted the defendant's motion to dismiss. The court ruled that the case was, therefore, dismissed. The prosecution now appeals from this final decision.

## II.

■ Although the People raise several matters for review, we need only consider whether the defendant presented sufficient evidence to establish a prima facie case that his prior convictions were unconstitutionally obtained.[5] We believe that the de-

---

5. The people contend that defendant's challenge to his underlying convictions is precluded by section 42–4–1501.5, 17 C.R.S. (1984), which provides:

> Except as otherwise provided in paragraph (b) of this subsection (1), no person against

whom a judgment has been· entered for a violation of section 42–4–1202(1) or (1.5) shall collaterally attack the validity of that judgment unless such attack is commenced within six months after the date of entry of the judgment.

fendant failed in his burden, and so reverse the trial court's order of dismissal and reinstate the conviction.

■ We have held that a defendant charged with driving after revocation prohibited, § 42–2–206, 17 C.R.S. (1984), may attack the constitutional validity of the traffic offense convictions which establish the basis for the defendant's habitual traffic offender status. *People v. Mascarenas,* 632 P.2d 1028 (Colo.1981); *People v. Roybal,* 618 P.2d 1121 (Colo.1980). A defendant must make a prima facie showing that a prior conviction is invalid in order to bar the use of that conviction in a later proceeding. *Mascarenas,* 632 P.2d at 1030; *People v. DeLeon,* 625 P.2d 1010 (Colo. 1981); *People v. Shaver,* 630 P.2d 600 (Colo.1981). Once such a showing has been made, the People have the burden of establishing, by a preponderance of the evidence, that the conviction was constitutionally obtained. *Id.*

■ We note first that the absence of recordings of the prior providency hearings is insufficient to create a prima facie showing that the convictions are unconstitutional. Although a court cannot presume a waiver of constitutional rights from a silent record, the absence of a transcript from a providency hearing is not necessarily equivalent to a silent record. *People v. Brewer,* 648 P.2d 167 (Colo.App.1982). Whether a knowing and voluntary guilty plea was entered by a defendant may be determined by any evidence adduced at a subsequent hearing. *Id.* at 168.

■ Here, defendant presented no affirmative evidence to show that his pleas were involuntary or without factual basis, or even that the court failed to inquire into these matters when accepting his pleas. The defendant's testimony simply consisted of his statements that he could not remember what procedures were followed. Fur-

ther, the registers of action tendered by the defendant are not sufficient to establish a prima facie case that the prior convictions were obtained in an unconstitutional manner. The documents themselves do not indicate that a notation would be entered reflecting the trial court's determinations of voluntariness and existence of a factual basis, nor was any evidence presented that such findings would be noted as a matter of standard administrative practice. *See, e.g., People v. Mascarenas,* 632 P.2d 1028 (Colo.1981); *People v. Roybal,* 618 P.2d 1121 (Colo.1980). Thus, the defendant presented no affirmative evidence that the prior convictions were obtained unconstitutionally.

Judge Obermeyer based his determination that the prior convictions were unconstitutional on Judge Brandenburg's testimony concerning the pattern that he followed in his cases. Thus, we must determine whether that testimony established sufficient procedural deficiencies so as to create a prima facie showing of unconstitutionality.

■ Unless the defendant waives the establishment of a factual basis for a guilty plea, Crim.P. 11(b)(6), a court must determine that there is a sufficient factual basis underlying a guilty plea before accepting it. *People v. Cushon,* 650 P.2d 527 (Colo. 1982); *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973). The court must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (quoting Fed.R.Crim.P. 11 advisory committee's note). Because our criminal procedure rules are modeled on the Federal Rules of Criminal Procedure, we find the comments by the advisory committee con-

In *People v. Fagerholm,* 768 P.2d 689 (Colo. 1989), we considered the effect of an identical statute on a defendant's right to attack his underlying convictions. We held that due process requires that a five-year grace period from the passage of the statute be implied, in order to allow persons an adequate opportunity to chal-

lenge their prior convictions. Because section 42–4–1501.5 is identical to the statute considered in *Fagerholm,* we believe that the same five year grace period is necessarily implied. Since defendant's collateral attack was commenced within the grace period, the statute does not bar his challenge to his prior convictions.

cerning the establishment of a factual basis persuasive. The advisory committee suggests three methods of determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant; (2) inquiring of the prosecutor; and (3) examining the presentence report. Fed.R.Crim.P. 11 advisory committee's note.

■ Here, Judge Brandenburg testified that as part of his usual procedure, he would ask a defendant whether he understood that by entering a plea of guilty he was admitting that on the date and time of the ticket he drove a motor vehicle in Morgan County, Colorado, on a highway, after he had consumed some alcohol, and that the alcohol had an effect upon his ability to drive. We believe that this inquiry is sufficient to determine whether a defendant's conduct actually falls within the offense charged, and, accordingly, establishes a factual basis for a guilty plea.

Judge Obermeyer apparently found the factual basis determination deficient because Judge Brandenburg failed to inquire whether a defendant understood that the People had to establish the elements of the offense and whether he agreed that the People would be able to prove their case against him. However, the record indicates that Judge Brandenburg routinely advised defendants that the People were required to prove their case by a standard of beyond a reasonable doubt, and inquired whether a defendant understood that by entering a plea he waived his right to require the People to prove their case against him by such a standard. This information having been imparted to a defendant, we disagree with Judge Obermeyer's conclusion as to the sufficiency of Judge Brandenburg's determination of a factual basis.

■ Judge Obermeyer may have also concluded that the underlying convictions were invalid because Judge Brandenburg did not inquire of a defendant in every case whether his plea was voluntarily given. Because it is not clear whether this factor entered into the court's ruling, we address the sufficiency of Judge Brandenburg's inquiry into the voluntariness of a plea.

We have never required a formalistic recitation by the trial court at a providency hearing in order to satisfy the requirements of Crim.P. 11. Rather, "[i]f the record reflects, as it does here, that the trial court had assured itself that the defendant's plea was voluntary and intelligently entered with full knowledge of the nature and elements of the offense and of the waiver of his rights as an accused person, then lack of precise language in the record expressing these things is not of itself a valid reason to reverse the trial court." *People v. Lambert*, 189 Colo. 264, 267, 539 P.2d 1238, 1240 (1975).

Here, the record adequately reflects that Judge Brandenburg made a determination, in each case, as to whether a defendant's plea was voluntary. The judge testified that he made his determination as to voluntariness based on responses from the defendant, and only when there was some doubt would he ask "Are you making this plea voluntarily?". Further, he testified that he would not accept a guilty plea if there were any indication that the plea was involuntary. Thus, implicit in the court's acceptance of the guilty pleas in the prior cases is its determination that the pleas were intelligently and voluntarily entered. *People v. Derrera*, 667 P.2d 1363 (Colo. 1983); *Lambert*, 189 Colo. at 267, 539 P.2d at 1240.

Because the defendant failed to establish a prima facie case that his prior convictions were unconstitutionally obtained, the trial court's order of dismissal is reversed, and the defendant's conviction reinstated. Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion.

ERICKSON, J., dissents and KIRSHBAUM, J., joins in the dissent.

Justice ERICKSON dissenting:

I respectfully dissent. The majority reverses the district court's determination that the prosecution failed to prove that two of the defendant's prior convictions were constitutionally obtained. The premise for reinstating the convictions is that the defendant failed to present a prima

facie case of unconstitutionality. *See People v. Mascarenas,* 632 P.2d 1028, 1030 (Colo.1981). Two experienced trial judges concluded to the contrary. The majority does not point to any error of law committed by the court below. Our review here is essentially factual and, in my opinion, foreclosed by section 16–12–102(1), 8A C.R.S. (1986), which permits the prosecution to appeal only a question of law. *People v. Ledesma,* 171 Colo. 407, 409–10, 468 P.2d 27, 28 (1970).

Even if we could review factual matters on an appeal by the prosecution, such review would be limited to whether the record contained evidence to support the district court's findings of fact. *People v. DeLeon,* 625 P.2d 1010, 1012–13 (Colo. 1981). In the present case, the district court considered the records of defendant's prior convictions, and heard testimony by the defendant and Judge Brandenburg. The court below was free to draw reasonable inferences from that evidence, and accord whatever weight to the testimony it found appropriate. We do not, and should not, sit to reweigh evidence or retry criminal cases that have received a full and fair hearing in the district court. Accordingly, because I perceive no error of law in the proceedings below, I would affirm the district court.

I am authorized to say that Justice KIRSHBAUM joins in this dissent.