**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

**v.**

**Larry Ray TRIMBLE, Defendant–**
**Appellee.**

**No. 92SA93.**

Supreme Court of Colorado,
En Banc.

Nov. 9, 1992.

Douglass F. Primavera, Dist. Atty., and Robert L. Kruse, Jr., Deputy Dist. Atty., Alamosa, for plaintiff-appellant.

Motz, Gonzales & Martinez, William A. Martinez, Alamosa, for defendant-appellee.

Justice QUINN delivered the Opinion of the Court.

The issue in this appeal is whether the district court, in the course of a prosecution for the felony of "driving after revocation prohibited," properly granted a motion to dismiss that charge because the defendant's 1978 conviction for driving while his ability was impaired by the use of alcohol, an essential component of the felony charge, was obtained in violation of the defendant's constitutional right to counsel. In granting the suppression motion, the district court ruled that section 42–4–1501.5, 17 C.R.S. (1984), which imposes a six-month limitation period for filing a collateral challenge to the validity of a DWAI conviction, violates the Due Process Clause and the Ex Post Facto Clause of the United States and Colorado Constitutions. U.S. Const. amend. XIV and art. I., § 9(3); Colo. Const. art. II, §§ 25, and 11. We conclude that the district court prematurely passed on the constitutionality of section 42–4–1501.5 before first considering whether the defendant's challenge to the validity of his prior conviction qualified under the express statutory exception created by subsection 42–4–1501.5(1)(b)(IV), which permits a collateral attack beyond the six-month period when "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." We accordingly vacate the ruling of the district court and remand the case to that court with

directions to conduct further proceedings in accordance with the views herein expressed.

## I.

The defendant, Larry Ray Trimble, was charged in the district court with the felony of "driving after revocation prohibited" and several other misdemeanor offenses, all of which arose out of his act of driving a motor vehicle on July 5, 1991, in the County of Alamosa.[1] He filed a motion to dismiss the felony charge on the basis that his 1978 conviction for driving while impaired (DWAI) was obtained in violation of his constitutional right to counsel. The district court conducted an evidentiary hearing on the circumstances underlying the prior DWAI conviction. At the hearing the defendant testified that he was charged in 1978 with driving under the influence (DUI) and, without the benefit of counsel and without having been advised of his right to counsel, entered a guilty plea to the lesser offense of DWAI. The prosecution presented no evidence to rebut the defendant's testimony.

After the evidentiary hearing, the court ordered the prosecution and the defense to submit written briefs on their respective positions. The prosecution argued in its brief that the defendant was precluded from collaterally attacking his 1978 conviction because the defendant's motion was filed beyond the six-month period of limitations established by section 42–4–1501.5, 17 C.R.S. (1984), and that the defendant had failed to present any evidence which amounted to "justifiable excuse or excusable neglect" for not challenging the prior conviction within the six month period. The defendant, on the other hand, contended that the six-month limitation period of section 42–4–1501.5 violated due process of law and constituted an invalid ex post facto law in violation of both the United States and Colorado Constitutions.

The district court ruled that section 42–4–1501.5 precluded a collateral challenge solely on the basis of a six-month period of limitations, that the statute did not provide a "grace period" wherein a collateral challenge could be raised by a person whose conviction antedated the time limitation, and that the statutory time bar contravened due process of law and the constitutional prohibition against ex post facto laws in violation of both the United States and Colorado Constitutions. Because the district court further found that the defendant's 1978 DWAI conviction was obtained in violation of his constitutional right to counsel, the court ruled that the prior conviction could not be used to support the prosecution's proof of the felony of "driving after revocation prohibited." The People thereafter took this appeal from the district court's ruling.[2]

## II.

Before addressing the propriety of the district court's constitutional ruling, we

---

1. Section 42–2–206(1), 17 C.R.S. (1992 Supp.), states that any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in the state while the revocation of the department of revenue prohibiting such operation is in effect, is guilty of the class 6 felony of driving after revocation prohibited. An habitual offender is a person having three or more convictions of any of the following separate and distinct offenses arising out of separate acts committed within a period of seven years: driving under the influence of, or driving while ability is impaired by, the use of alcohol; reckless driving; and driving under denial, suspension, or revocation. § 42–2–202(2)(a)(I–III), 17 C.R.S. (1992 Supp.).

The information filed against the defendant alleged that on July 5, 1991, he drove a motor vehicle in the county of Alamosa when his operator's license had been revoked pursuant to the habitual offender statute and thus committed the crime of "driving after revocation prohibited" in violation of section 42–2–206(1), 17 C.R.S. (1992 Supp.). The information also alleged several other counts arising from the defendant's operation of the motor vehicle on July 5, 1991. The other counts, which are still pending against the defendant, are as follows: driving under the influence, § 42–4–1202(1)(a), 17 C.R.S. (1992 Supp.); driving under the influence per se, § 42–4–1202(1.5), 17 C.R.S. (1992 Supp.); driving under denial, suspension, or revocation, § 42–2–130, 17 C.R.S. (1992 Supp.); and failing to yield or to stop before entering intersection, § 42–4–603, 17 C.R.S. (1992 Supp.).

2. The People filed this appeal pursuant to section 16–12–102(1), 8A C.R.S. (1986), which requires the district attorney to appeal when an act of the legislature is declared "inoperative or unconstitutional in any criminal case."

find it necessary to outline the history surrounding Colorado's statutory scheme for collateral challenges to prior convictions and the relevant case law bearing on that legislation.

## A.

The statutory time bar for a collateral attack on a prior conviction for DWAI was originally enacted in 1983, with an effective date of July 1, 1983, and imposed a six-month time bar to collateral attacks on prior convictions for DUI and DWAI. Ch. 476, sections 15 & 21, § 42–4–1501.5, 1983 Colo.Sess.Laws 1631, 1647–49. The 1983 version of section 42–4–1501.5, however, contained no exception to the six-month limitation period.

In *People v. Germany,* 674 P.2d 345 (Colo.1983), we considered the constitutionality of section 16–5–402, 8 C.R.S. (1982 Supp.), which was enacted in 1981 and established the following periods of limitation for collateral challenges to felonies, misdemeanors, and petty offenses: no limitation period for class 1 felonies; a three-year limitation period for all other felonies; an eighteen-month period for misdemeanors; and a six-month period for petty offenses. In holding that section 16–5–402 violated due process of law under the Fourteenth Amendment to the United States Constitution and article II, section 25 of the Colorado Constitution, we reasoned in *Germany* that the Colorado Criminal Code granted a convicted offender the right to seek collateral review of a constitutionally flawed conviction as a matter of "substantive right" included "within the concept of due process of law," § 18–1–401, 8 C.R.S. (1973 & 1978 Repl.Vol. 8), and that the retrospective elimination of this existing statutory right could not be squared with the "constitutional prohibition against retrospectively depriving a person of a statutory right without due process of law." 674 P.2d at 351–52. We stated that "[w]ere this the only infirmity in the statute, we might be able to read into it a reasonable grace period to allow collateral challenges for past convictions antedating the limitation period." 674 P.2d at 352. Because, however-

er, section 16–5–402 created a total bar to all collateral challenges commenced beyond the period of limitation, "without regard to the cause or circumstance underlying the failure to raise an earlier challenge," we concluded that the statute ran afoul of due process because it failed to provide a defendant with "an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect." 674 P.2d at 354.

Following our decision in *Germany,* the legislature amended section 16–5–402, effective February 6, 1984, by adding a subsection to the statute that permitted a collateral challenge beyond the applicable time period when the court hearing the collateral attack "finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." Ch. 117, § 1, 1984 Colo.Sess.Laws 486. At the same time, the legislature also amended section 42–4–1501.5 by adding a similar subsection in order to conform that statute to our holding in *Germany. Id.* at 486–87. The 1984 version of section 42–4–1501.5, which is controlling in this case, provides in relevant part as follows:

(1)(a) Except as otherwise provided in paragraph (b) of this subsection (1), no person against whom a judgment has been entered for a violation of section 42–4–1202(1) or (1.5) shall collaterally attack the validity of that judgment unless such attack is commenced within six months after the date of entry of the judgment.

(b) In recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders, the only exceptions to the time limitations specified in paragraph (a) of this subsection (1) shall be:

\* \* \* \* \* \*

(IV) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances

amounting to justifiable excuse or excusable neglect.[3]

### B.

In *People v. Fagerholm*, 768 P.2d 689 (Colo.1989), we examined the 1984 version of section 16–5–402. The trial court in *Fagerholm* granted the defendant's postconviction motion, filed in 1986, to vacate a 1962 and a 1966 prior felony conviction because, in the trial court's view, there were circumstances "amounting to justifiable excuse or excusable neglect" for the defendant's belated challenge. Although we approved the trial court's granting of the defendant's motion, we did so "for reasons quite different from those relied upon by the trial court." 768 P.2d at 691. After noting our responsibility to construe a statute in a manner so as to avoid constitutional infirmity whenever possible, we held that a five-year grace period should be engrafted onto section 16–5–402, commencing from the effective date of the statute, within which "persons convicted of offenses prior to the lengths of time specified as limitation periods might nevertheless challenge their convictions without regard to the statutory exceptions." 768 P.2d at 693. Because the defendant in *Fagerholm* filed his challenge within the five-year grace period, we concluded that the statutory time bar was not applicable to his postconviction challenge.

Subsequent to *Fagerholm*, we decided *People v. Fleming*, 781 P.2d 1384 (1989), which involved a prosecutorial appeal from a ruling that Fleming's postconviction challenge to three alcohol-related traffic offenses, which formed the basis for his prosecution for the felony of "driving after revocation prohibited," were obtained in an unconstitutional manner. While our precise holding in *Fleming* was that the defen-

dant failed to establish a *prima facie* case that the prior convictions were constitutionally infirm, we stated in footnote 5 that the same five-year grace period applicable to section 16–5–402 would also apply to postconviction challenges filed pursuant to section 42–4–1501.5. 781 P.2d at 1387–88 n. 5.

### III.

■ It is against the above historical backdrop that we turn to the People's challenge to the district court's ruling in the instant case. The People argue that our decision in *Fagerholm*, which was issued on February 27, 1989, and which established a five-year grace period applicable to collateral challenges under section 16–5–402, reasonably foreshadowed the five-year grace period adopted in our *Fleming* decision of October 30, 1989, for collateral challenges under section 42–4–1501.5 and that, therefore, the defendant in this case was provided with adequate notice that the period for raising a collateral challenge to his 1978 DWAI conviction would lapse on February 6, 1989, five years after the effective date of section 42–4–1501.5. We are unpersuaded by the People's argument.

■ As a general rule, knowledge of some future judicial construction of a statute will not be imputed to the public before the judicial construction actually takes place. *See, Flank Oil Co. v. Tennessee Gas Transmission Co.*, 141 Colo. 554, 564, 349 P.2d 1005, 1011 (1960) (for notice purposes, judicial interpretations can add definiteness only if rendered before an act under consideration is performed). *Fagerholm* dealt specifically with collateral challenges to felony convictions under section 16–5–402. Section 16–5–402 is general in its scope and establishes different limita-

---

**3.** Section 42–4–1501.5, 17 C.R.S. (1984), also incorporates the following exceptions to the six-month limitation period. These provisions have no bearing on the issue before us:

(I) A case in which the court entering judgment did not have jurisdiction over the subject matter of the alleged infraction;

(II) A case in which the court entering judgment did not have jurisdiction over the person of the violator;

(III) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the violator to an institution for treatment as a mentally ill person[.]

tion periods for class one felonies (no limit), for all other felonies (three-year limitation period), for misdemeanors (eighteen-month limitation period), and for petty offenses (six-month limitation period). In contrast, section 42–4–1501.5 was enacted as part of the Uniform Safety Code of 1935, §§ 42–4–101 to –1705, 17 C.R.S. (1984 & 1992 Supp.), and by its plain terms is limited to collateral challenges to DUI and DWAI convictions. Although section 42–4–1501.5, as amended in 1984, served to provide the public with notice of its terms, including the six-month period of limitation and the "justifiable excuse and excusable neglect" exceptions to the time bar, we cannot plausibly conclude that our decision in *Fagerholm* to judicially create a five-year grace period for section 16–5–402 somehow provided the public, and the defendant in particular, with either actual or constructive notice that the same grace period would also apply to section 42–4–1501.5.[4]

## IV.

■ Although we reject the People's argument that the defendant had adequate notice of the five-year grace period for challenging a prior conviction under section 42–4–1501.5, we conclude that the district court erred in striking down the statute as violative of due process of law and the constitutional prohibition against ex post facto legislation.

A constitutional challenge to legislation necessarily implicates the separation-of-powers doctrine under our tripartite system of government. *Mount Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 240 (Colo.1984). Because each branch of government must be accorded sufficient operating room to exercise its constitutional authority, we have held that a court should not invalidate a statute on constitutional grounds unless and until

such issue is actually raised and, as particularly important here, "the necessity for such decision is clear and inescapable." *People v. Lybarger*, 700 P.2d 910, 915 (Colo.1985).

We indicated in *Germany* that a statutory time bar for collateral challenges to prior convictions would comport with due process of law as long as the statute allows an out-of-time challenge upon a showing of good cause. *Germany*, 674 P.2d at 351–54. It was in response to *Germany* that the legislature amended both section 16–5–402 and section 42–4–1501.5 in 1984 by adding a subsection to each statute which allowed a belated challenge to a prior conviction when the court finds that the failure to seek relief within the limitation period was the result of circumstances amounting to "justifiable excuse or excusable neglect." This 1984 amendment to subsection 42–4–1501.5 provides a defendant with the opportunity to establish "justifiable excuse or excusable neglect" for failure to collaterally challenge a prior conviction within the six-month limitation period of section 42–4–1501.5 or, for that matter, for failure to file a collateral challenge within the five-year grace period engrafted onto the statute by our decision in *Fleming*. Notwithstanding the availability of the "justifiable excuse or excusable neglect" exception to the statutory time bar of section 42–4–1501.5, the district court never addressed the applicability of that exception to the circumstances of this case. We therefore find it necessary to vacate the district court's ruling of unconstitutionality and to remand the case for further proceedings on whether the defendant's failure to raise a timely collateral challenge to his 1978 DWAI conviction was the result of justifiable excuse or excusable neglect.

Only if the district court determines, on the basis of an adequately developed evidentiary record, that the defendant's fail-

---

**4.** Our decision in *Fleming*, 781 P.2d 1384, which was issued on October 30, 1989, was not only eight months after our decision in *Fagerholm*, which was issued on February 27, 1989, but also was eight months after the expiration of the five-year grace period adopted in footnote 5 of *Fleming*. Section 42–4–1501.5 became effective on February 6, 1984, Ch. 117, sec. 4, 98 Colo.

Sess.Laws 486, 487, and the five-year grace period would thus have expired on February 6, 1989, which was approximately eight months prior to our decision in *Fleming*. Footnote 5 of *Fleming*, therefore, was totally incapable of providing the defendant with any notice whatever of the judicially created grace period applicable to section 42–4–1501.5.

ure to make a timely challenge to his 1978 DWAI conviction was not the result of justifiable excuse or excusable neglect should the court then address the defendant's constitutional challenges to section 42-4-1501.5 and rule upon the constitutional validity of the defendant's DWAI conviction. Of course, if the court finds that the defendant's failure to collaterally challenge his 1978 conviction was the result of justifiable excuse or excusable neglect, the court may then rule upon the validity of a defendant's prior conviction in accordance with the evidence received at the prior hearing on his motion to dismiss and any new evidence that might be presented at a later hearing following the remand of this case.

We accordingly vacate the district court's ruling of unconstitutionality and its suppression of the defendant's 1978 DWAI conviction, and we remand the case for further proceedings in accordance with the views herein expressed.