22CA1632 Peo v Calhoun 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1632
Boulder County District Court No. 21CR70
Honorable Thomas F. Mulvahill, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Vincent Steven Calhoun,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GRAHAM*
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie R. Shields, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Vincent Steven Calhoun, pleaded guilty to, among other things, fourteen counts of class 6 felony invasion of privacy for sexual gratification – second offense.  The crime of invasion of privacy for sexual gratification is a class 1 misdemeanor but is elevated to a class 6 felony and an extraordinary risk crime if the offense is committed subsequent to a prior conviction for unlawful sexual behavior as defined in section 16-22-102(9), C.R.S. 2024.  § 18-3-405.6(2)(a), (b)(I), C.R.S. 2024.

¶ 2     After the entry of his guilty pleas but before sentencing, Calhoun filed a motion collaterally attacking the validity of his prior convictions to prevent their use as predicate offenses to trigger habitual criminal sentencing and to elevate the invasion of privacy for sexual gratification charges to class 6 felony offenses.  *See Lacy v. People*, 775 P.2d 1, 4 (Colo. 1989) ("A prior conviction obtained in a constitutionally invalid manner cannot be used against an accused in a subsequent criminal proceeding to support guilt or to increase punishment.").  The trial court denied the motion.

¶ 3     At sentencing, the trial court found that the prosecution failed to prove the habitual criminal counts.  But the court concluded that the prosecution had established that Calhoun had a prior

conviction for unlawful sexual behavior to elevate the invasion of privacy for sexual gratification counts to class 6 felonies. The court then sentenced Calhoun to fourteen consecutive two-year prison sentences on those felony convictions.

¶ 4    Calhoun appeals his convictions, arguing that the trial court erred by denying his motion to collaterally attack his prior conviction. The order is affirmed.

¶ 5    At the providency hearing, Calhoun specifically pleaded guilty to fourteen counts of class 6 felony invasion of privacy for sexual gratification – second offense. He acknowledged his understanding that each charge was supported by an allegation that he had been previously convicted of indecent exposure, a crime involving unlawful sexual behavior, in Boulder County Court Case No. 2006M144. *See* § 16-22-102(9)(m). Finally, Calhoun waived the establishment of a factual basis for these guilty pleas.

¶ 6    "A guilty plea is an admission of all the elements of a criminal charge." *Neuhaus v. People*, 2012 CO 65, ¶ 8. "By pleading guilty, a defendant waives a number of important constitutional rights, including . . . the right to insist at trial that the prosecution establish guilt beyond a reasonable doubt . . . ." *Patton v. People*,

35 P.3d 124, 128 (Colo. 2001). Also, when accepting a guilty plea, the trial court must determine that there is a factual basis for the plea. Crim. P. 11(b)(6). But the court need not make this determination if the defendant waives the establishment of a factual basis. *Id.*; *People v. Fleming*, 781 P.2d 1384, 1388 (Colo. 1989).

¶ 7 Accordingly, Calhoun's guilty pleas relieved the prosecution of its obligation to establish beyond a reasonable doubt the fourteen counts of class 6 felony invasion of privacy for sexual gratification – second offense, and, specifically, the fact that the offenses were committed subsequent to a prior conviction for unlawful sexual behavior. *See Neuhaus*, ¶ 8; *Patton*, 35 P.3d at 128; *cf. Linnebur v. People*, 2020 CO 79M, ¶¶ 2, 33 (the fact of a prior conviction to elevate the crime of driving under the influence from a misdemeanor to a felony offense is an element of the felony offense that must be proved to a jury beyond a reasonable doubt), *abrogated on other grounds by People v. Crabtree*, 2024 CO 40M, ¶¶ 1-3.

¶ 8 And, notwithstanding the court addressing this issue on the merits, Calhoun's guilty pleas and waiver of the establishment of a factual basis relieved the trial court of its obligation to find that he

had a prior conviction for unlawful sexual behavior in order to enter convictions on the class 6 felony invasion of privacy for sexual gratification – second offense, counts. *See* § 16-7-206(3), C.R.S. 2024 ("The acceptance by the court of a plea of guilty . . . acts as a conviction for the offense."); *People v. Kyler*, 991 P.2d 810, 816 (Colo. 1999) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969))); *People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000) ("A plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts."); *see also Fleming*, 781 P.2d at 1388.

¶ 9     Calhoun's guilty pleas were sufficient to establish that he committed the fourteen invasion of privacy for sexual gratification crimes subsequent to a prior conviction for unlawful sexual behavior. Consequently, the use of his prior conviction was not necessary to elevate those counts to felony offenses. Thus, his post-plea attempt to challenge the validity of his prior conviction was inconsequential. And, because we do not read Calhoun's

motion to collaterally attack his prior convictions as asserting a Crim. P. 32(d) request to withdraw his guilty pleas, his apparent challenge to the felony classification of the offenses to which he pleaded guilty and of which he was convicted necessarily fails. *See People v. Kirk*, 221 P.3d 63, 64-65 (Colo. App. 2009); *see also Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011) ("Because a guilty plea is an extensive waiver of the defendant's constitutional rights, a challenge to a conviction based on a guilty plea is usually limited to whether the plea was knowing, voluntary, and intelligent.").

¶ 10    The order is affirmed.

JUDGE WELLING and JUDGE BROWN concur.