The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Ronald L. PETERS,
Defendant-Appellant.

No. 85CA0941.

Colorado Court of Appeals,
Div. III.

Jan. 22, 1987.

Rehearing Denied March 12, 1987.

Certiorari Denied (People) June 22, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Timothy E. Nelson, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Thomas R. Williamson, Deputy Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Ronald L. Peters, appeals the denial of his motion for postconviction relief. We set aside the order.

Defendant entered a plea of guilty to charges of second degree burglary and first degree arson that arose from separate incidents. In exchange, the prosecution dismissed two other charges of burglary and arson. Defendant was sentenced to two consecutive eight-year terms.

Defendant contends the trial court erred in denying his Crim.P. 35(c) motion to vacate his guilty plea. Relying on ABA, *Standards for Criminal Justice*, Standard 14–1.4(a)(ii) (2d ed. 1980), which states that a court should not accept a guilty plea without first informing the defendant of the possibility of consecutive sentences, defendant argues that his guilty plea was constitutionally deficient because he was neither informed nor aware of the possibility of consecutive sentencing when he entered his plea. We agree.

The trial court advised defendant:

"THE COURT: You understand the crimes that you are pleading guilty to? In other words, that it is second degree burglary and first degree arson?

"DEFENDANT: Yes, I do.

"THE COURT: You understand that the Court, under these counts, that they are a Class 3 felony, and the Court could impose a determinate sentence for a period of four years, a minimum of four years, up to a maximum of eight years. Do you understand that on those two counts?

"DEFENDANT: Yes.

"THE COURT: You understand, further, there would be a sentence to the Department of Corrections and they would determine that facility that you would be kept at if the Court so sentenced you?

"DEFENDANT: Yes, Your Honor, I understand.

"THE COURT: If the Court finds aggravation in the matter, that the Court could increase the maximum eight years by

doubling it up to sixteen years. Do you understand that?

"DEFENDANT: Yes, I do."

To comply with due process, an affirmative showing must be made to establish that a guilty plea has been voluntarily and intelligently entered. *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971). A court is not to accept a plea of guilty without first determining that the defendant understands the possible penalties for the crimes to which he is pleading guilty. Crim.P. 11(b)(4).

*People v. Randolph, supra,* determined that the ABA Standards relating to guilty pleas codified existing Colorado law. Included in those standards approved in *Randolph* is the requirement that the court inform a defendant: "of the maximum possible sentence on the charge, *including that possible from consecutive sentences.*" (emphasis added)

The transcript of the providency hearing shows that defendant was not informed of the possibility of consecutive sentences. Accordingly, since the trial court imposed consecutive sentences the trial court erred in denying defendant's motion for postconviction relief.

The order is set aside and the cause is remanded with directions to vacate defendant's guilty plea and for rearraignment both on the charges addressed by the guilty plea and those dismissed as part of the plea bargain.

VAN CISE and METZGER, JJ., concur.