The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gordon J. PHILLIPS, Defendant–Appellant.

No. 97CA1650.

Colorado Court of Appeals, Div. I.

Sept. 3, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Julia A. Thomas, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

Chambers, Dansky and Hansen, P.C., Nathan D. Chambers, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Gordon Jerome Phillips, appeals from the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We affirm.

In April 1993, as a result of a plea bargain, defendant pled guilty to first degree criminal trespass and driving under the influence (DUI). In exchange for his guilty pleas, additional charges were dismissed. Thereafter, defendant failed to appear for sentencing.

While at large, defendant committed a bank robbery, for which, after apprehension, he was convicted and sentenced to 37 months in federal prison. In April 1994, following his federal sentencing, defendant appeared in the trial court here for sentencing on his previously entered guilty pleas. The trial court sentenced defendant to the Department of Corrections for concurrent terms of five years for criminal trespass and one year for DUI, and ordered that the sentences be served consecutively to his federal sentence. Defendant's sentence was affirmed on appeal. *People v. Phillips,* (Colo.App. No. 94CA0730, August 24, 1995) (not selected for official publication).

In December 1995 and May 1997, defendant, filed Crim. P. 35(c) motions, alleging, as pertinent here, that his guilty pleas were involuntary. Counsel was appointed and represented defendant until defendant petitioned the court to allow him to proceed *pro se*, which petition was granted. Subsequently, following an evidentiary hearing, the trial court denied defendant's motions.

 Relying on *People v. Peters*, 738 P.2d 395 (Colo.App.1987), defendant, through appointed appellate counsel, now contends that the trial court erred by refusing to find that his guilty pleas were involuntary because he had not been informed that he could receive a consecutive sentence. That reliance is misplaced.

The defendant in *Peters* entered simultaneous guilty pleas to charges of burglary and arson that arose from separate incidents. He was sentenced to two consecutive eight-year terms. However, a division of this court determined that, because defendant was neither informed nor aware of the possibility of consecutive sentencing when he entered his pleas and, thus, was unaware of the maximum possible sentence, the guilty pleas had not been voluntarily entered.

Hence, the *Peters* case, in accordance with Crim. P. 11(b)(4), requires that a defendant be advised, prior to entry of a guilty plea, of the maximum possible sentence to which that plea will subject him or her, including the maximum that may result if the sentences are ordered to be served consecutively. Accordingly, in fashioning its advisement, the court is required to consider current and pending sentences and charges to which a defendant is subject at the time of advisement.

On the other hand, we do not read *Peters* so broadly as to require the court to advise a defendant of the possibility of consecutive sentences that might result from crimes not yet committed or sentences or charges not pending.

The record of the providency hearing here reveals that defendant was advised accurately at the time of his guilty pleas that he was subject to maximum terms of eight years for trespass and one year for DUI, and that he acknowledged his understanding of these possible penalties. At that time, defendant had no existing sentences or pending charges which could have extended the sentence resulting from those pleas. Therefore, it cannot be said that defendant's pleas were involuntary, as alleged, based upon his lack of knowledge of the maximum penalty to which he was subject. *See People v. Coleman*, 844 P.2d 1215 (Colo.App.1992) (defendant's guilty plea was not involuntary when the sentence imposed was less than the maximum he was aware he could have received when he entered the plea); *People v. Peters*, *supra*.

The order is affirmed.

METZGER and KAPELKE, JJ., concur.